**Reversed and Remanded, and Opinion Filed November 25, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00864-CV

**THE SHOPS AT LEGACY (INLAND) LIMITED PARTNERSHIP, Appellant**
**V.**
**FINE AUTOGRAPHS & MEMORABILIA RETAIL STORES INC., Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-02102-2010**

## OPINION

Before Justices Moseley, Lang, and Richter[1]
Opinion by Justice Lang

The Shops at Legacy (Inland) Limited Partnership appeals the trial court's order and final judgment, which granted Fine Autographs & Memorabilia Retails Stores, Inc.'s motion for sanctions and dismissed The Shops at Legacy's cause of action with prejudice. In five issues, The Shops at Legacy raise two arguments: (1) there was "no evidence or legally insufficient evidence" to support the trial court's conclusions that it filed multiple false pleadings, made material misrepresentations to the trial court, violated the rules governing organization of pleadings, and made incomplete discovery responses or engaged in the concealment of evidence; and (2) the trial court erred when it assessed "death penalty" sanctions because the dismissal of The Shops at Legacy's cause of action with prejudice was an excessive sanction.

---

[1] The Hon. Martin Richter, Justice, Assigned

We conclude the trial court erred when it dismissed The Shops and Legacy's cause of action with prejudice because the record does not show the trial court considered and analyzed the availability of lesser sanctions and whether such sanctions would fully promote compliance. The trial court's order and final judgment are reversed and this case is remanded for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Shops at Legacy filed suit against Fine Autographs for breach of a shopping center lease agreement. On the date of trial, The Shops at Legacy requested a continuance, which the trial court denied. Then, The Shops at Legacy orally moved for a nonsuit without prejudice. The record on appeal does not contain a written order on The Shops at Legacy's motion for nonsuit.

Fine Autographs filed a motion for sanctions, alleging discovery abuse by The Shops at Legacy. After a hearing, the trial court granted the motion and dismissed The Shops at Legacy's cause of action with prejudice.

## II. "DEATH PENALTY" SANCTIONS

In issue five, The Shops at Legacy argue the trial court erred when it assessed "death penalty" sanctions because the dismissal of The Shops at Legacy's cause of action with prejudice was an excessive sanction. The Shops at Legacy argues there is no justification for the trial court's imposition of "death penalty" sanctions. Also, The Shops at Legacy contends that Fine Autographs obtained a reasonable result when The Shops at Legacy nonsuited the case. Fine Autographs responds, stating the trial court's rendition of the order and final judgment of dismissal with prejudice was the only appropriate sanction. Fine Autographs argues the pattern of misconduct by The Shops at Legacy justified a presumption that its claims lacked merit. Further, Fine Autographs maintains that counsel for The Shops at Legacy failed to propose

alternative sanctions when asked to do so by Fine Autographs. In addition, Fine Autographs argues The Shops at Legacy sought a nonsuit in an attempt to escape punishment.

### A. Standard of Review

An appellate court reviews a trial court's order imposing sanctions for an abuse of discretion. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 384 (Tex. App.—Dallas 2009, pet. denied). A trial court abuses its discretion if it acted without reference to any guiding rules and principles to the extent the act was arbitrary or unreasonable. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004); *Tex. Integrated*, 300 S.W.3d at 384. An appellate court reviews the entire record to determine whether the imposition of sanctions constitutes an abuse of discretion. *Am. Flood Research*, 192 S.W.3d at 583; *Tex. Integrated*, 300 S.W.3d at 384.

### B. Applicable Law

Discovery sanctions are authorized by Texas Rule of Civil Procedure 215.2. *See* TEX. R. CIV. P. 215.2; *Tex. Integrated*, 300 S.W.3d at 384. If a trial court finds a party is abusing the discovery process in seeking, making, or resisting discovery, then the trial court may, after notice and hearing, impose any appropriate sanction authorized by rule 215.2(b)(1)–(5) and (8). TEX. R. CIV. P. 215.3; *Tex. Integrated*, 300 S.W.3d at 384. Among the sanctions available under rule 215.2 are orders "striking out pleadings or parts thereof," "dismissing with or without prejudice the actions or proceedings or any part thereof," and "rendering a judgment by default against the disobedient party." TEX. R. CIV. P. 215.2(b)(5). These sanctions, that adjudicate a claim and preclude presentation of the merits of the case, are often referred to as "death penalty" sanctions. *Gunn v. Fuqua*, 397 S.W.3d 358, 366 (Tex. App.—Dallas 2013, pet. filed); s*ee generally Cire*, 134 S.W.3d at 840–41; *see also TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913,

–3–

918 (Tex. 1991) ("When a trial court strikes a party's pleadings and dismisses its action or renders a default judgment against it for abuse of the discovery process, the court adjudicates the party's claims without regard to their merits but based instead upon the parties' conduct of discovery."); *Perez v. Murff*, 972 S.W.2d 78, 81 (Tex. App.—Texarkana 1998, pet. denied) (any sanctions which are "case determinative" constitute "death penalty" sanctions).

Discovery sanctions serve three purposes: (1) to secure the parties' compliance with the discovery rules; (2) to deter other litigants from violating the discovery rules; and (3) to punish parties who violate the discovery rules. *Tex. Integrated*, 300 S.W.3d at 384; *Jones v. Am. Flood Research, Inc.*, 218 S.W.3d 929, 932 (Tex. App.—Dallas 2007, no pet.). Although the choice of sanction is left to the sound discretion of the trial judge, the sanctions imposed must be just. *See* TEX. R. CIV. P. 215.2; *TransAmerican*, 811 S.W.2d at 916; *Tex. Integrated*, 300 S.W.3d at 384; *Jones*, 218 S.W.3d at 932.

When determining whether a trial court's imposition of sanctions was just, an appellate court considers the following two standards: (1) whether there is a "direct relationship" between the abusive conduct and the sanction imposed; and (2) whether the sanction is excessive. *See TransAmerican*, 811 S.W.2d at 917; *Tex. Integrated*, 300 S.W.3d at 384. "A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. It follows that a court must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance." *TransAmerican*, 811 S.W.2d at 917; *Tex. Integrated*, 300 S.W.3d at 384; *Jones*, 218 S.W.3d at 932. Under this standard, the trial court need not test the effectiveness of each available lesser sanction by actually imposing the lesser sanction on the party before issuing the death penalty. *Cire*, 134 S.W.3d at 840. Rather, the trial court must analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed. *Cire*, 134 S.W.3d at 840. "Death penalty" sanctions

are harsh and may be imposed as an initial sanction only in the most egregious and exceptional cases "when they are clearly justified and it is fully apparent that no lesser sanctions would promote compliance with the rules." *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993).

Although the Texas Supreme Court recommended that trial courts make findings of fact before imposing "death penalty" sanctions, it expressly declined to require such findings. *TransAmerican*, 811 S.W.2d at 919 n.9; *see also Fletcher v. Blair*, 874 S.W.2d 83, 85 (Tex. App.—Austin 1994, writ denied). Nevertheless, the record must include some explanation to justify the granting of "death penalty" sanctions. *Fletcher*, 874 S.W.2d at 86.

### C. Application of the Law to the Facts

At the close of the hearing on Fine Autographs' motion for sanctions, the trial court stated the following:

> Well, gentlemen, it appears that there are some issues in this lawsuit that made everyone question the ethics and the responsibilities that we all owe our clients and to the judiciary and to the court system by the other side, not by [Fine Autographs], but I think that some of this looks suspicious when actually there's probably some honest mistakes that were made by some people, a large company like The Shops at Legacy and the different people. We've heard that there are different people there that handle different things, so I can see how some of these things might have gotten a little haywire as far as the missing document from the lease, as far as the checks not being produced.
>
> Obviously, any lawyer that takes a case wants full cooperation from their client, and without full cooperation, it's hard to defend a case or prosecute a case. As seasoned lawyers, we all know that. I think [counsel for The Shops at Legacy] was trying to work with what he had and didn't always get what he needed from his client.
>
> The Court finds that most of the discovery abuse in this case and from the standpoint of the missing guarantee agreement was not [counsel for The Shops at Legacy's] fault. The documents that were not produced timely, those also were the obligation of the client to produce those after [counsel for The Shops at Legacy] said that he needed those documents and those weren't produced. So I believe most of the wrongdoing in this case is attributable to The Shops at Legacy, the Plaintiff in this case. The Court is going to grant the sanctions against The Shops at Legacy and order that this case be dismissed with prejudice

and order that [The Shops at Legacy] reimburse [Fine Autographs] for the expenses of the discovery abuse of having them get ready for trial that weekend when they thought they were going to trial in good faith. The Court orders that [Fine Autographs] be reimbursed reasonable and necessary attorney's fees in the amount of $31,000, and the case is dismissed for abuse of discovery.

The trial court's order and final judgment expressly adopted and incorporated "its findings and conclusions reached and announced at the conclusion of the hearing" with the exception that the trial court found that "the award of attorney's fees in addition to [the] sanction of dismissal with prejudice would be potentially duplicative as a sanction and therefore[,] den[ied] [Fine Autograph's] request for attorney's fees." The trial court also made, in relevant part, the following conclusions[2] supporting its imposition of death penalty sanctions: (1) "this death penalty sanction is necessary because of the extreme and exceptional facts presented in this case, which clearly justifies this sanction"; (2) "this death penalty sanction is necessary because of the extreme and exceptional facts presented in this case"; (3) "it is fully apparent that no lesser sanctions would promote compliance with the Texas Rules of Civil Procedure and Local Rules of Collin County"; (4) "the [trial court] has considered other lesser sanctions (including fines, monetary payment, etc.) and finds [emphasis omitted] that such sanctions would be ineffective to deter [The Shops at Legacy's] conduct"; (5) "failing to dismiss [The Shops at Legacy's] claims with prejudice would permit gross and egregious abuse of the judicial process, and would permit [The Shops at Legacy] to re-file its claims and effectively benefit from its own repeated and intentional misconduct"; and (6) "these sanction[s] bear a direct relationship to [The Shops at Legacy's] conduct, [] these sanctions are not excessive . . . and [] [The Shops at Legacy's] conduct justif[ies] a presumption that [The Shops at Legacy's] claims lack merit or that sufficient proof could not be presented to permit recovery."

---

[2]  Although the trial court's order and final judgment refer to these as findings of fact, we note that they do not recite facts, but state conclusions.

Although the trial court's order and final judgment states "lesser sanctions" were considered, "no lesser sanctions would promote compliance," and the facts of this case warrant "death penalty" sanctions, the reporter's record of the hearing does not show that the trial court analyzed any available sanctions that were less stringent. *See Cire*, 134 S.W.3d at 840 (trial court must analyze available sanctions); *Tex. Integrated*, 300 S.W.3d at 384; *see also Kugle v. DaimlerChrysler Corp.*, 88 S.W.3d 355, 368 (Tex. App.—San Antonio 2002, pet. denied) (although trial court's conclusions of law recite that lesser sanctions inappropriate, record does not reflect that trial court considered lesser sanctions or why lesser sanctions would be ineffective).

Fine Autographs argues that the testimony it elicited from counsel for The Shops at Legacy "is perilously close to a concession of the relief granted by the trial court." Specifically, Fine Autographs asked counsel for The Shops at Legacy "Do you know of any way [the trial court] can prevent you from getting the benefit of all the discovery abuse that you engaged in in this case except to dismiss your case with prejudice? If you do, please tell me what it is because I do not know." Counsel for The Shops at Legacy responded "No." Later, Fine Autographs asked him "Assume with me the Court thinks there has been misconduct. I'm asking you now this question: Can you give the Judge any alternative to dismissing this case with prejudice?" Counsel for The Shops at Legacy responded "Yes. I think there are other things—if he thinks that I committed misconduct that there are other things that he can use."

In support of this argument, Fine Autographs cites *In re Department of Family and Protective Services*, 273 S.W.3d 637, 646 (Tex. 2009) (orig. proceeding) and *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005). These cases address the "invited error doctrine," which prohibits a party from complaining on appeal that the trial court took a specific action that the complaining party requested. *In re Dep't of Family Servs.*, 273 S.W.3d at 646; *Tittizer*, 171

S.W.3d at 862. That doctrine is not applicable to the facts of this case. While a trial court may consider the lesser sanctions proposed by a party, Fine Autographs does not cite us to any authority, nor do we find any authority, requiring the party alleged to have committed discovery abuse to propose the lesser sanctions to be considered by the trial court. *See generally Response Time, Inc. v. Sterling Commerce (N. Am.), Inc.*, 95 S.W.3d 656, 662 (Tex. App.—Dallas 2002, no pet.) (noting trial court considered lesser sanctions including those proposed by appellant).

Without considering the merits of the allegedly sanctionable actions, we conclude the trial court erred when it assessed "death penalty" sanctions against The Shops at Legacy because the record does not show the trial court considered and analyzed the availability of less stringent sanctions and whether such sanctions would fully promote compliance. *See Tex. Integrated*, 300 S.W.3d at 385. In light of this conclusion, we need not consider The Shops at Legacy's remaining issues. Issue five is decided in favor of The Shops at Legacy.

### III. CONCLUSION

The trial court erred when it dismissed The Shops and Legacy's cause of action with prejudice.

The trial court's order and final judgment are reversed and this case is remanded for further proceedings consistent with this opinion.

/Douglas S. Lang/

DOUGLAS S. LANG
JUSTICE

120864F.P05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE SHOPS AT LEGACY (INLAND)
LIMITED PARTNERSHIP, Appellant

No. 05-12-00864-CV       V.

FINE AUTOGRAPHS & MEMORABILIA
RETAIL STORES INC., Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-02102-2010.
Opinion delivered by Justice Lang.  Justices
Moseley and Richter participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant THE SHOPS AT LEGACY (INLAND) LIMITED PARTNERSHIP recover its costs of this appeal from appellee FINE AUTOGRAPHS & MEMORABILIA RETAIL STORES INC.

Judgment entered this 25th day of November, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE