**AFFIRM; and Opinion Filed December 11, 2018.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00864-CV

### FARBOD AYATI-GHAFFARI, Appellant
### V.
### FARMERS INSURANCE EXCHANGE, Appellee

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-05091-2013**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Brown

The issue in this appeal is whether the trial court abused its discretion in imposing death penalty sanctions against appellant Farbod Ayati-Ghaffari (Ayati) for his abuse of the discovery process. Ayati does not dispute his offensive conduct, but contends there was no direct relationship between the conduct and the sanctions and asserts the trial court failed to first consider or impose lesser sanctions. We affirm the trial court's judgment.

Ayati made a claim on a homeowners insurance policy issued by appellee Farmers Insurance Exchange for more than $600,000 worth of property allegedly stolen in December 2011 from his second-floor condominium. Among the items Ayati reported stolen were bricks or bundles of Zimbabwean currency, a 103" TV, an antique King-size bed, and several Persian rugs. After an investigation, which included multiple examination under oaths (EUO) of Ayati, Farmers

informed Ayati in a detailed letter that it was denying coverage based on his misrepresentation of material facts during presentation of the claim. Farmers' reasons for its decision included: (1) Ayati's testimony in an EUO that he acquired the TV from his brother before the brother's death in 2006 when Farmers' research showed the model was not available until 2008; (2) Ayati's inconsistent statements about the $20,000 worth of Zimbabwean currency and his inability to recall any details about the 2011 shipment and exchange of the currency; and (3) Ayati's claim that a King-size bed was stolen, when, according to the officer who responded to the burglary, there was no room in the residence for a bed of that size. In December 2013, Ayati sued Farmers for breach of contract and extra-contractual claims. Farmers answered with a general denial as well as various affirmative defenses, including that the insurance policy was void due to Ayati's misrepresentations and fraud.

The trial court held five hearings on discovery matters between March 2016 and May 2017, when it ultimately struck Ayati's pleadings. Farmers served its first requests for production and first set of interrogatories in June 2014. Ayati's response included various objections. Farmers served a second set of requests for production in September 2014 asking Ayati to produce his tax returns for 2006-2012. Ayati did not respond to this request at all until June 2016, when he supplemented his responses to indicate he did not recall filing federal tax returns for most, if not all, of these years.

In February 2016, Farmers filed a motion to compel discovery. Farmers asserted Ayati's responses to five of the interrogatories were incomplete. Farmers also complained of Ayati's refusal to provide documents in response to four of its first requests for production and to all of its second set of requests for production regarding tax returns. The information Farmers sought involved prior insurance claims made by Ayati, how Ayati obtained the currency at issue, Ayati's arrest and conviction record, his litigation history, and his financial condition. Farmers noted that

Ayati had an extensive history of currency trading on eBay, yet had provided vague and incomplete information about his purchase of the currency at issue. Farmers asked Ayati to state in detail how he obtained the currency at issue in the lawsuit. Ayati answered only that he "purchased them through a friend in Germany." Farmers asked the court to overrule Ayati's objections and require him to fully answer the interrogatories and to produce the requested documents.

Neither Ayati nor his counsel was present at a March 15, 2016 hearing on the motion to compel. The following day, Ayati's attorney filed a motion to withdraw, citing "irreconcilable differences." On March 21, 2016, the trial court granted the motion to withdraw. It also overruled Ayati's objections to the discovery at issue, granted Farmers' motion to compel in its entirety, and ordered Ayati to provide complete answers to the interrogatories and to produce all responsive documents within twenty-one days, which was April 11, 2016.

Ayati did not comply with the court's order granting the motion to compel by the April 11 deadline. New counsel for Ayati filed a notice of appearance on May 6, 2016. Farmers advised new counsel it would seek sanctions if Ayati did not supplement his discovery responses by May 18. On May 19, Farmers filed a motion to enforce the court's earlier order. Farmers also asked the court to require Ayati to show cause why he should not be sanctioned for his failure to comply.

Four days before a scheduled June 2016 hearing on Farmers' motion, Ayati supplemented his discovery responses. At the hearing, Farmers claimed Ayati's responses were still incomplete and the case should be dismissed due to his failure to comply with discovery. The judge did not impose sanctions at that time; he declined to do so because it was only Ayati's second strike. The parties agreed to amend the scheduling order, setting an October 20, 2016 deadline for completing all discovery.

In September 2016, Farmers took Ayati's deposition and also served him with a second set of interrogatories and third request for production. Ayati was asked to list all banking and credit

card accounts for the last eight years and also produce bank statements for those years. Ayati objected that these requests were overly broad. Subject to his objection, he answered that his bank accounts include "Chase (closed), Midsouth, and Compass." No further information to identify the accounts was provided.

In November 2016, Farmers sought sanctions and an order compelling the additional requested discovery. Farmers asserted that Ayati's late discovery responses in June 2016 were inadequate. It also asserted that a supplemental interrogatory response conflicted with Ayati's deposition testimony. Ayati's interrogatory response identified two prior insurance claims, but his deposition testimony indicated he had filed at least ten prior insurance claims. Farmers also alleged Ayati committed perjury during his deposition. Ayati testified he never had an eBay account. According to Farmers, there was "overwhelming evidence to the contrary." Farmers subpoenaed eBay accounts linked to Ayati or his current address. eBay produced records of an account in the name of Farbod Ayati with a user ID of "Farbod*" and tied to Ayati's home address. Farbod* sold numerous items on eBay in 2011, including a great deal of Zimbabwean currency. The eBay transactions dated back to 2006. Farmers attached the eBay account information to its motion. In addition, Farmers asserted that Ayati refused to provide information regarding his financial condition and that such was relevant to a motive to commit fraud and to his ability to obtain the expensive items he claimed were stolen. Farmers maintained that Ayati's pattern of discovery abuse and perjury justified death penalty sanctions and asked the court to strike his pleadings.

In his response, Ayati reasserted his position that the request for his bank information was overly broad. Regarding the contention that he had an eBay account, Ayati stated that "numerous years ago an individual whom Plaintiff knew apparently set-up an online account in Plaintiff's name and address without his permission." Ayati said he had previously advised Farmers of that fact.

Later that month, Farmers filed a separate motion to compel the production of Ayati's financial records. Farmers tried to get information directly from Ayati's banks by noticing depositions on written questions and subpoenas from Chase and BBVA Compass. Ayati objected to the notices and subpoenas on various grounds, and Chase would not produce the requested documents due to Ayati's objections. Farmers asked the trial court to overrule the objections and allow Farmers to conduct discovery regarding Ayati's financial condition.

The trial court held a hearing on these motions in December 2016. Farmers again argued Ayati's case should be thrown out due to his inadequate discovery responses and refusal to provide answers on his financial condition and sources of income. Farmers also referred to Ayati's deposition testimony denying the validity of the eBay account documents. Farmers played excerpts of Ayati's video deposition for the judge. The excerpts included Ayati's denial that he had done online sales or had an eBay account and testimony about his prior insurance claims. Ayati had said he would provide information on the person who stole his identity, but he had not.

Regarding his previous insurance claims, Ayati argued they were all Farmers' claims and thus Farmers had the files. Ayati maintained the eBay account was not his. "Ali," a friend of Ayati's ex-wife, was the one conducting the online sales. The trial judge did not rule on Farmers' request for sanctions, but ordered Ayati to produce his bank records for the years 2010 and 2011 by December 17.

On December 20, 2016, Farmers, through a letter from its counsel, informed the trial judge that Ayati had produced his bank records for Chase and BBVA Compass. However, Farmers was aware he had accounts with PlainsCapital Bank and Jefferson Bank and he had not produced any records for those accounts. Ayati responded with a letter from a manager of a Dallas MidSouth Bank branch that stated Jefferson and MidSouth merged in September 2011 and "we do not have access to any other accounts that Mr. Ayati would have had prior to MidSouth bank acquiring

Jefferson Bank." The following day, Farmers served notices of its intent to take depositions upon written questions and subpoenas on PlainsCapital and Jefferson. Ayati objected on grounds that Farmers sought more years of his bank records than the court allowed.

In March 2017, the trial court overruled Ayati's objections to the notices and subpoenas issued by Farmers as to all documents related to any checking or savings account at PlainsCapital Bank, Jefferson Bank, Chase Bank, and BBVA Compass from January 1, 2008, to present. A short time later, Ayati's counsel moved to withdraw from the case due to Ayati's failure to fulfill his obligations under their agreement and to adequately communicate. At the end of April 2017, Ayati's third attorney gave notice of appearance.

The case was set for trial on May 15, 2017. On April 28, 2017, Farmers filed an amended motion for sanctions in which it again alleged Ayati perjured himself when he testified he never had an eBay account. After it received Ayati's Jefferson Bank records, Farmers supplemented its amended motion for sanctions. Farmers asserted the records further established Ayati lied in his deposition. Jefferson Bank records show Ayati had an account from January 2010 to August 2011. He was identified by social security number, address, and date of birth. The records showed numerous transfers of money, totaling more than $150,000, into the account from a PayPal account which was connected to the eBay account in Ayati's name. Ayati also wrote many checks for large amounts of cash on the account.

Ayati's May 10, 2017 response contained new information about his relationship with Ali. Ayati continued to maintain that Ali set up an eBay account using Ayati's information. Ayati knew Ali was having items shipped to Ayati's residence, but claimed he had no reason to know Ali had set up an eBay account in his name. Ayati further claimed, for the first time, that he agreed for the money from Ali's transactions to go into Ayati's bank account and that he in turn gave the money to Ali.

–6–

The trial court held a hearing on the motion for sanctions on May 11, 2017. In connection with a discussion of Ali and the eBay account, the trial judge admonished Ayati on his Fifth Amendment right to remain silent and cautioned that false statements under oath are crimes. The court found that Ayati's inability to identify Ali beyond providing his first name "strains credibility." At the conclusion of the hearing, the trial court granted Farmers' motion.

In a thirteen-page "Sanctions Order and Final Judgment," the trial court struck Ayati's pleadings, dismissed his claims with prejudice, and ordered that Farmers recover its court costs from Ayati. The document includes a chronology of the pertinent facts. Among other things, the trial court determined that Ayati's testimony in his EUO conflicted with his deposition testimony; Ayati failed to respond to the request for his tax returns; Ayati violated the court's March 21, 2016 order granting Farmers' motion to compel; after Farmers gave Ayati an extension of time to comply, Ayati still failed to provide the discovery responses; Ayati never disclosed two bank accounts, one with PlainsCapital and one with Jefferson Bank; Ayati failed to comply with the court's December 2016 order to produce all bank records for 2010 and 2011; and Ayati failed to disclose several individuals, including Ali, with knowledge of relevant facts.[1] The court found that Ayati's "inconsistent testimony throughout the investigation of his claim and course of this litigation and his failure to produce his bank records, disclose individuals with knowledge of relevant facts, and provide responsive documents to Famers' discovery requests hindered Farmers' ability to show" that it is not liable for Ayati's claims. The trial court concluded the sanctions bore a direct relationship to Ayati's abuse and misconduct in the prosecution of the lawsuit. In addition, the trial court recognized that although it had not previously imposed a lesser sanction, it had admonished Ayati directly for his failure to comply with the court's orders and warned of the

---

[1] The court found that Farmers was prejudiced by Ayati's failure to disclose the identity of Khalil Damver as a fact witness. In his deposition, Ayati claimed he never had anyone over to his condominium, but later swore in a May 2017 affidavit that Damver had been there on many occasions to inspect and clean his Persian rugs.

possibility the court would strike his pleadings. Ayati's misconduct continued. Because of Ayati's disregard for the court's prior orders, the court found that less stringent sanctions would be insufficient.

In this appeal, Ayati contends the trial court abused its discretion in imposing death penalty sanctions because (1) there was no direct relationship between Ayati's offensive conduct and the sanctions, and (2) the trial court failed to impose or consider lesser sanctions.

We review a trial court's ruling on a motion for sanctions for an abuse of discretion. *Altesse Healthcare Sols., Inc. v. Wilson*, 540 S.W.3d 570, 574 (Tex. 2018). The discovery rules promote a full disclosure of evidence to resolve the case by trial or settlement. *Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 865 (Tex. App.—Dallas 2006, no pet.). Sanctions for abuse of the discovery process are authorized by Texas Rule of Civil Procedure 215.2. *Shops at Legacy (Inland) Ltd. P'ship v. Fine Autographs & Memorabilia Retail Stores Inc.*, 418 S.W.3d 229, 232 (Tex. App.—Dallas 2013, pet. denied); *see* TEX. R. CIV. P. 215.2. If a trial court finds a party is abusing the discovery process in seeking, making, or resisting discovery, then the trial court may, after notice and hearing, impose any appropriate sanction authorized by rule 215.2(b)(1)-(5) and (8). *Shops at Legacy*, 418 S.W.3d at 232; *see* TEX. R. CIV. P. 215.3. Among the sanctions available under rule 215.2 are orders "striking out pleadings or parts thereof" and "dismissing with or without prejudice the actions or proceedings or any part thereof." TEX. R. CIV. P. 215.2(b)(5); *Shops at Legacy*, 418 S.W.3d at 232. These sanctions, that adjudicate a claim and preclude presentation of the merits of the case, are often referred to as "death penalty sanctions." *Shops at Legacy*, 418 S.W.3d at 232.

Discovery sanctions serve three purposes: (1) to secure the parties' compliance with the discovery rules; (2) to deter other litigants from violating the discovery rules; and (3) to punish parties who violate the discovery rules. *Id.* Although the choice of sanctions is left to the sound

discretion of the trial judge, the sanctions imposed must be just. *Id.*; *see* TEX. R. CIV. P. 215.2(b). When determining whether a trial court's imposition of sanctions was just, an appellate court considers the following two standards: (1) whether there is a direct relationship between the abusive conduct and the sanction imposed; and (2) whether the sanction is excessive. *Shops at Legacy*, 418 S.W.3d at 232 (citing *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991)).

We first address Ayati's complaint that there was no direct relationship between his conduct and the sanction. For there to be a direct relationship between the offensive conduct and the sanction imposed, a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party. *TransAmerican*, 811 S.W.2d at 917. In other words, the punishment must fit the crime. *Altesse*, 540 S.W.3d at 572. Death penalty sanctions, under which the offending party essentially loses the case because of the sanctions, are generally reserved for the most egregious cases in which the offending party's conduct justified a presumption that his claims lack merit. *Altesse*, 540 S.W.3d at 572. Sanctions so severe that they prevent a decision on the merits are not justified except in the most severe cases of flagrant bad faith. *Id.* at 575. A pattern of discovery abuse, including a party's refusal to comply with a trial court's discovery orders to produce material evidence, can give rise to a presumption that the party's claims lack merit. *NRG & Assocs., LLC v. Serv. Transfer, Inc.*, No. 05-16-01375-CV, 2017 WL 6523396, at *5 (Tex. App.—Dallas Dec. 21, 2017, no pet.) (mem. op.).

Ayati argues the sanction is unjust because there is no evidence he purposefully omitted information and Farmers was not hindered in defending the case as a result of his conduct. To show Farmers was not hindered, Ayati asserts he was always insured by Farmers so it had knowledge of any insurance claims he failed to disclose. Also, Farmers knew about a previous Canadian lawsuit he failed to disclose, and Farmers had the eBay records by May 2016.

Ayati engaged in a pattern of discovery abuse that began with his insufficient responses to Farmers' first requests for production and interrogatories in 2014 and continued throughout the course of the proceedings. The record supports a conclusion that Ayati intentionally violated the court's orders on multiple occasions. *See Hernandez v. Sovereign Cherokee Nation Tejas*, 343 S.W.3d 162, 170 (Tex. App.—Dallas 2011, pet. denied). Ayati did not comply with the court's March 2016 and December 2016 orders. Although the prejudice resulting from some of the violations was comparatively minor, there were more serious violations. Despite the trial court's orders, Ayati never disclosed he had an account with Jefferson Bank or produced those records, which were tied to the eBay account in his name. Farmers received them directly from the bank less than two weeks before trial.[2] And on the eve of trial, new information about a financial arrangement between Ayati and Ali came to light. We are not persuaded by Ayati's argument that the issues related to Ali and the eBay account were fact issues for the jury rather than a reason to dismiss the case. While these issues impacted the merits of Ayati's claims, they also bore on the adequacy of his discovery responses and his continuing pattern of nondisclosure. As the trial court noted, it strained credibility for Ayati to allow Ali to ship many items to his residence and deposit substantial amounts of money into his bank account, which Ayati then turned over to Ali, but claim he did not have enough information about Ali to identify him beyond his first name. We note that in addition to observing Ayati in the courtroom, the trial judge saw portions of Ayati's video deposition and could judge firsthand his credibility.

Ayati's conduct served to obfuscate the eBay transactions, many of which involved Zimbabwean currency such as that allegedly stolen from Ayati, and the money moving in and out of Ayati's Jefferson Bank account. Ayati's failure to produce bank records and identify Ali as a

---

[2] Ayati suggests that because he disclosed that he had an account with MidSouth Bank and Jefferson Bank merged with MidSouth in September 2011, he adequately identified the Jefferson Bank account and could not have produced the statements. We disagree. Farmers was able to get the Jefferson Bank statements directly from MidSouth after Ayati failed to produce them.

person with knowledge of relevant facts had a direct relationship to Farmers' claim that the policy was void due to Ayati's fraud. Further, Ayati's overall pattern of discovery abuse justifies a presumption that his claims lack merit. The record shows there was a direct relationship between the conduct and the sanctions.

Next, we turn to whether the sanction striking Ayati's pleadings was excessive. Ayati maintains the trial court failed to impose or consider lesser sanctions.

"A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. It follows that a court must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance." *Shops at Legacy*, 418 S.W.3d at 232–33 (quoting *TransAmerican*, 811 S.W.2d at 918). Under this standard, the trial court need not test the effectiveness of each available lesser sanction by actually imposing the lesser sanction before issuing the death penalty. *Id.* at 233. Rather, the trial court must analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed. *Id.* Death penalty sanctions are harsh and may be imposed as an initial sanction only in the most egregious and exceptional cases when they are clearly justified and it is fully apparent that no lesser sanctions would promote compliance with the rules. *Id.* The record must include some explanation to justify the granting of death penalty sanctions. *Id.*

Farmers first urged death penalty sanctions in June 2016. The trial judge refused the request, but stressed that he was "not amused" and expected Ayati to play by the rules. Ayati's abuse of the discovery process continued long after this initial warning, culminating in the trial court's having to raise the Fifth Amendment with him in May 2017. The abuses here were numerous and continued in disregard of the trial court's orders. Ayati's repeated conduct demonstrated bad faith in the litigation process as a whole. *See Imagine Auto. Grp. v. Boardwalk Motor Cars, Ltd.*, 430 S.W.3d 620, 634 (Tex. App.—Dallas 2014, pet. denied) (citing *Paradigm*

*Oil, Inc. v. Retamco Operating, Inc.*, 161 S.W.3d 531, 539 (Tex. App.—San Antonio 2004, pet. denied)). Under these circumstances, the record supports the trial court's determination that because of Ayati's flagrant disregard for its orders, no lesser sanction would have promoted compliance with the rules.

In sum, we conclude the sanction imposed by the trial court had a direct relationship to Ayati's improper conduct and was not excessive. *See Hernandez*, 343 S.W.3d at 172. The trial court did not abuse its discretion in entering the sanctions order. We overrule Ayati's sole issue.

We affirm the trial court's judgment.


/Ada Brown/
ADA BROWN
JUSTICE


170864F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FARBOD AYATI-GHAFFARI, Appellant

No. 05-17-00864-CV      V.

FARMERS INSURANCE EXCHANGE,
Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-05091-2013.
Opinion delivered by Justice Brown,
Justices Myers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee FARMERS INSURANCE EXCHANGE recover its costs of this appeal from appellant FARBOD AYATI-GHAFFARI.

Judgment entered this 11th day of December, 2018.