**Affirmed and Opinion Filed July 5, 2022.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-01051-CV

## LEONARD M. CHERMACK AND JANET CHERMACK, Appellants
## V.
## NATIONSTAR MORTGAGE COMPANY LLC, Appellee

**On Appeal from the 471st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 471-03076-2017**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Goldstein
Opinion by Justice Partida-Kipness

Leonard M. Chermack and Janet Chermack appeal the trial court's summary judgment for Nationstar Mortgage Company LLC on their claims arising from a home mortgage modification agreement. In two issues, the Chermacks contend the trial court erred in granting Nationstar's motions for summary judgment and discovery sanctions. We affirm the trial court's judgment.

## BACKGROUND

Mr. Chermack executed a promissory note on May 30, 2007, for $476,000 to purchase residential property in Frisco, Texas (2007 Loan). The Chermacks also executed a deed of trust on the property. Nationstar is the loan's servicer. Shortly

after obtaining the loan and purchasing the property, the Chermacks stopped making payments on the 2007 Loan. In May 2014, Nationstar agreed to modify the 2007 Loan and allow the Chermacks to repay the original principal balance as well as all past due amounts and arrearages under new terms. The Chermacks and Nationstar entered into a Home Affordable Modification Agreement on May 23, 2014 (2014 Loan). When the Chermacks executed the 2014 Loan, the past due amounts and arrearages totaled $397,470.71 and the unpaid principal balance of the 2007 Loan was $472,303.73. The 2014 Loan, provided a new principal balance of $834,261.85, which reflected the remaining unpaid principal balance of the 2007 Loan plus all amounts and arrearages past due on the 2007 Loan less the amounts paid to Nationstar under the 2007 Loan.[1]

The Chermacks made three "trial payments" to qualify for the 2014 Loan but made no further payments. Nationstar alleges it issued a default notice on October 15, 2014, and accelerated the 2014 Loan on May 30, 2017, after the Chermacks failed to cure the default. The Chermacks continued to reside at the property during that time.

---

[1] The 2014 Loan expressly stated:

> The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges (collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $834,261.85 (the "New Principal Balance").

Mr. Chermack filed suit against Nationstar on July 3, 2017. His original petition alleged the 2014 Loan was unenforceable because it was either usurious, unconscionable, against public policy, fraudulently obtained, executed under duress, or subject to unilateral or mutual mistake. Mr. Chermack sought a declaratory judgment that the 2014 Loan was unenforceable, and a temporary restraining order preventing the property from being sold at a trustee's sale. Mr. Chermack's claims each stem from his allegation that the new principal amount of the 2014 Loan was "more than double" what was owed under the 2007 Loan. Specifically, Mr. Chermack argued that "The new principal amount as reflected in the [2014 Loan] is $834,261.85, more than double of the statement issued to Plaintiff by Defendant just three days prior."

"The statement" referenced by Mr. Chermack is a monthly mortgage statement generated by Nationstar on May 20, 2014. The statement reflects an "amount due" of $403,900.71 under the 2007 Loan. The statement also reflects an "Interest Bearing Principal Balance" of $472,303.73. Mr. Chermack asserted in his original petition that "the amount due under an acceleration of the note" was $403,900.71, not the $834,261.85 reflected in the 2014 Loan. He sought to have the 2014 Loan declared unenforceable and recover damages from Nationstar's alleged tortious conduct in inducing him to execute the 2014 Loan. Mr. Chermack failed to prosecute the claims, and the trial court dismissed his claims for want of prosecution on June 8, 2018.

Mr. Chermack reinstated the case on August 24, 2018. Nationstar answered and filed a motion for no-evidence summary judgment seven months later. Nationstar asserted that Mr. Chermack had no evidence to support his declaratory judgment action or his claims the 2014 Loan was unenforceable or the result of fraud. Nationstar also noted that Mr. Chermack had failed to respond to its requests for production. Mr. Chermack filed an amended petition, which was similar to his original petition, and responded to Nationstar's summary-judgment motion. He offered as summary judgment evidence his unsworn declaration, a copy of the May 20, 2014 mortgage statement, and a copy of the 2014 Loan.

Nationstar filed a third-party petition, naming Mrs. Chermack as a third-party defendant and seeking an order for a foreclosure sale and attorney's fees. After Mrs. Chermack answered, Nationstar filed a motion to compel discovery responses, asserting that the Chermacks had failed to respond to its discovery requests and repeated attempts to resolve the impasse. At the hearing on Nationstar's motion, the Chermacks' counsel admitted the Chermacks owed discovery responses and agreed that a court order was appropriate. The trial court granted the motion, ordered the Chermacks to submit discovery responses within twenty-one days, and awarded Nationstar conditional sanctions of $1,410.

Three months later, Nationstar filed its first amended motion for no-evidence summary judgment. The amended motion outlined the elements of each claim on which Mr. Chermack had no evidence. The motion also asserted that Mr. Chermack

had either failed to respond or served deficient responses to Nationstar's repeated requests for discovery. Nationstar again moved for discovery sanctions. The Chermacks responded, offering to stipulate to certain facts and asking the trial court to rule on Nationstar's summary-judgment motion before deciding sanctions. The trial court granted Nationstar's motion for sanctions, ordered the Chermacks to respond to discovery by a date certain and as set forth in the prior discovery order, and ordered the Chermacks to file stipulations consistent with their joint response. The trial court also awarded sanctions to Nationstar in the amount of $1,410 "to be enforceable upon entry of final judgment." In a separate order, the trial court also granted Nationstar's motion for summary judgment and dismissed Mr. Chermack's claims with prejudice.

Nationstar filed a supplement to its motion for discovery sanctions, asserting that after being ordered twice to respond to Nationstar's discovery requests, the Chermacks still had not fully responded. Nationstar requested "death penalty" sanctions and $10,000 in attorney's fees as a result of the Chermacks' obstructive behavior. The next day, the Chermacks filed the ordered stipulations. They also responded to Nationstar's supplemental motion for sanctions, asking for "a remedy in line with the current status of the case" to include allowing Nationstar to move for summary judgment on its claim or "fashioning some appropriate sanctions that could streamline any trial." The trial court granted Nationstar's supplemental motion, ordered the Chermacks to pay Nationstar's attorney's fees incurred in the discovery

dispute, struck the Chermack's pleadings, and deemed Nationstar's claims admitted. The trial court issued a final judgment against the Chermacks and granted Nationstar a writ of possession. This appeal followed.

## ANALYSIS

In two issues, the Chermacks contend the trial court erred in granting Nationstar's summary-judgment motion and imposing death penalty sanctions. We address each issue in turn.

### A.    Summary Judgment

In their first issue, the Chermacks contend the trial court erred in granting the no-evidence summary judgment because they provided evidence raising a fact issue as to all of their claims. According to the Chermacks, their evidence showing the "extreme" difference between the amount due on the May 20, 2014 mortgage statement and the principal balance of the 2014 Loan was sufficient to deny Nationstar's motion and try the Chermacks' enforceability defenses. Nationstar contends, however, that the Chermacks' evidence failed to meet the no-evidence standard and, in fact, disproved their allegation that the 2014 Loan's principal balance was more than double what they owed under the 2007 Loan. We agree with Nationstar.

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or

defense. TEX. R. CIV. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id*.; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton*, 249 S.W.3d at 426 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). We credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Timpte Indus.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 541 U.S. 1030 (2004).

Mr. Chermack sought a declaratory judgment and a temporary restraining order and injunction based on eight defenses to the enforceability of the 2014 Loan.

All of his defenses hinge on one allegation: "The new principal amount as reflected in the [2014 Loan] is $834,261.85, more than double of the statement issued to Plaintiff by Defendant just three days prior." According to the Chermacks, they owed only $403,900.71, as reflected on a May 20, 2014 mortgage statement issued three days before the 2014 Loan was executed. The Chermacks contend Nationstar failed to explain "this extreme adjustment upwards of the principal balance." In other words, the Chermacks contend that Nationstar fraudulently misrepresented the actual balance owed under the 2007 Loan, and that they only entered into the wrongly inflated 2014 Loan because of the looming threat of foreclosure.

In response to Nationstar's motion and to prove Nationstar's allegedly tortious "extreme adjustment" of the amount owed under the 2007 Loan, the Chermacks presented Mr. Chermack's unsworn declaration with copies of the May 20, 2014 mortgage statement and the 2014 Loan attached. In his unsworn declaration, Mr. Chermack alleged that he was compelled to execute the 2014 Loan to avoid foreclosure. He also authenticated the documents attached to the declaration. Mr. Chermack's conclusory allegation that he "felt compelled" to sign the 2014 Loan to avoid foreclosure may provide some evidence of his motivations. The allegation does not, however, constitute evidence of Nationstar's intent or the validity or enforceability of the 2014 Loan. Further, the parties do not contest the contents of the 2014 Loan. Thus, this additional evidence was insufficient to raise a fact issue in response to Nationstar's no-evidence motion. *See Hamilton*, 249 S.W.3d at 426

(evidence must enable reasonable and fair-minded jurors to differ in their conclusions).

Moreover, the May 20, 2014 mortgage statement contradicts the Chermacks' allegation that "The new principal amount as reflected in the [2014 Loan] is $834,261.85, more than double of the statement issued to Plaintiff by Defendant just three days prior."



**MORTGAGE LOAN STATEMENT**

Nationstar MORTGAGE
P.O. BOX 650783
DALLAS, TX 75265

**CONTACT INFORMATION**
Customer Service: 1-888-480-2432
Monday - Thursday; 8 a.m. - 8 p.m. CT
Friday; 8 a.m. - 6 p.m. CT and Saturday; 8 a.m. - 2 p.m. CT
MyNationstar.com

1-692-93494-0032230-007-000-101-000-000

Your Dedicated Loan Specialist is Aaron Carty and can be reached at (888) 850-9398 EXT. 1015920 or via mail at:
350 Highland Drive, Lewisville, TX 75067


LEONARD M CHERMACK
5949 ORCHARD PARK DR
FRISCO TX 75034-5123

| | |
|---|---|
| Statement Date: | 05/20/2014 |
| Loan Number: | ▮6432 |
| Payment Due Date: | 06/01/2014 |
| **Amount Due:** | **$403,900.71** |

*If payment is received on or after 06/17/14; $0.00 late fee will be charged.*

Property Address:
5949 ORCHARD PARK DR
FRISCO TX 75034

### Account Information

| | |
|---|---|
| Interest Bearing Principal Balance | $472,303.73 |
| Interest Rate(Until 07/01/2014) | 7.950% |
| Escrow Balance | -$69,999.96 |
| Prepayment Penalty* | |

*Nationstar Mortgage LLC will not assess a prepayment penalty at any time in the event you would like to pay part or all of your mortgage balance.

The Principal Balance does not represent the payoff amount of your account and is not to be used for payoff purposes.

### Explanation of Amount Due

| | |
|---|---|
| Principal | $347.13 |
| Interest | $3,129.01 |
| Escrow Amount (for Taxes & Insurance) | $0.01 |
| Optional Products and Services | $0.00 |
| **Regular Monthly Payment** | **$3,476.15** |
| Total Fees and Charges | $2,954.55 |
| Overdue Payment(s) | $397,470.01 |
| **Total Amount Due** | **$403,900.71** |

### Lender Paid Expense Summary

| | Activity Since Last Statement | Total |
|---|---|---|
| Legal Fees | $0.00 | $902.44 |
| Escrow Expenses | $0.00 | $61,252.15 |
| Property Taxes | $0.00 | $12,885.52 |
| Property Inspections | $0.00 | $258.00 |
| Maintenance | $0.00 | $33.25 |
| Total | $0.00 | $75,331.36 |

### Past Payment Breakdown

| | Payments Rec'd since 04/19/2014 | Paid Year to Date |
|---|---|---|
| Principal | $687.41 | $1,701.66 |
| Interest | $6,264.87 | $15,679.04 |
| Escrow (Taxes & Insurance) | $0.02 | $29,010.76 |
| Optional Insurance | $0.00 | $0.00 |
| Fees and Charges | $0.00 | $0.00 |
| Lender Paid Expenses | $0.00 | $0.00 |
| Partial Payment (Unapplied)** | $6,381.00 | $1,762.07 |
| Total | $13,333.30 | $48,153.53 |

As shown above, the statement shows that $403,900.71 was due by June 1, 2014. That amount included an overdue payment amount of $397,470.71 plus fees and charges of $2,954.55, and a monthly payment due of $3,476.15. The statement

–9–

also shows there was a remaining principal balance due on the 2007 Loan of $472,303.73. Thus, the total amount remaining due under the 2007 Loan included the remaining principal balance, the overdue payments, and the regular monthly payment. The May 20, 2014 mortgage statement thus reflects that the total amount due at that time was $869,773.74 in overdue payments and remaining principal balance due.

The record reflects that the parties executed the 2014 Loan three days after this statement was issued. The 2014 Loan expressly included "all amounts and arrearages" past due under the 2007 Loan as of May 1, 2014, "including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges." The principal balance on the 2014 Loan was $834,261.85, which was $35,511.89 less than the $869,773.74 in overdue payments and remaining principal balance due and reflected on the May 20, 2014 statement. Thus, the Chermacks' own summary-judgment evidence contradicts their allegation that the 2014 Loan's principal was "more than double" the balance owed under the 2007 Loan as reflected on the May 20, 2014 statement. The 2014 Loan actually reduced the amount reflected as due and owing on the May 20, 2014 statement by $35,511.89.

As the nonmovants, the Chermacks had the burden to bring forward more than a scintilla of evidence to raise a fact issue and avoid a no-evidence summary judgment. *See Smith*, 288 S.W.3d at 424. The Chermacks' evidence, however, disproved the foundational allegation for all of their claims. Thus, they failed to meet

their burden, and the trial court properly granted Nationstar's motion for no-evidence summary judgment. Accordingly, we overrule the Chermacks' first issue.

**B.    Death Penalty Sanctions**

In their second issue, the Chermacks contend the trial court erred in imposing death penalty sanctions. They do not deny that they failed to fully respond to Nationstar's discovery requests, but essentially claim that enough evidence was produced to "provide[] all parties with what was needed for a trial on the merits." According to the Chermacks, the trial court "erred by failing to be just in the sanctions imposed." Nationstar contends, however, the sanctions were appropriate because of the Chermacks' persistent abuse of the discovery process. We agree with Nationstar.

We review a trial court's order imposing sanctions for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Shops at Legacy (Inland) Ltd. P'ship v. Fine Autographs & Memorabilia Retail Stores, Inc.*, 418 S.W.3d 229, 232 (Tex. App.—Dallas 2013, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules and principles to the extent the act was arbitrary or unreasonable. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004); *Shops at Legacy*, 418 S.W.3d at 232. We review the entire record to determine whether the imposition of sanctions constitutes an abuse of discretion. *Am. Flood Research*, 192 S.W.3d at 583; *Shops at Legacy*, 418 S.W.3d at 232.

Discovery sanctions are authorized by Texas Rule of Civil Procedure 215.2. TEX. R. CIV. P. 215.2; *Shops at Legacy*, 418 S.W.3d at 232. If a trial court finds a party is abusing the discovery process in seeking, making, or resisting discovery, then the trial court may, after notice and hearing, impose any appropriate sanction authorized by rule 215.2(b)(1)–(5) and (8). TEX. R. CIV. P. 215.3; *Shops at Legacy*, 418 S.W.3d at 232. Appropriate sanctions include those often referred to as "death penalty" sanctions that deem "designated facts [as] established for the purposes of the action," strike out "pleadings or parts thereof," dismiss "with or without prejudice the actions or proceedings or any part thereof," or render "a judgment by default against the disobedient party." TEX. R. CIV. P. 215.2(b)(3), (5). Such sanctions adjudicate claims and preclude presentation of the merits of the case. *Cire*, 134 S.W.3d at 840–41; *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991); *Shops at Legacy*, 418 S.W.3d at 232. The trial court may also award attorney's fees incurred in response to a party's failure to obey the court's discovery order. TEX. R. CIV. P. 215.2(b)(8).

Although the choice of sanction is left to the sound discretion of the trial court, the sanctions imposed must be just. TEX. R. CIV. P. 215.2; *TransAm.*, 811 S.W.2d at 916; *Shops at Legacy*, 418 S.W.3d at 232. There must be a "direct relationship" between the abusive conduct and the sanction imposed, and the sanction must not be excessive. *TransAm.*, 811 S.W.2d at 917; *Shops at Legacy*, 418 S.W.3d at 232. The trial court must consider, but need not actually impose, lesser sanctions before

issuing a death penalty sanction. *Cire*, 134 S.W.3d at 840; *TransAm.*, 811 S.W.2d at 917; *Shops at Legacy*, 418 S.W.3d at 232–33. "[A] death-penalty sanction cannot be used to adjudicate the merits of claims or defenses unless the offending party's conduct during discovery justifies a presumption that its claims or defenses lack merit." *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 184 (Tex. 2012).

The record reflects a long-running discovery dispute between the parties. Nationstar served initial discovery requests on Mr. Chermack in March 2018 and September 2018, and additional requests in October 2019. Despite conferences between counsel and a deadline extension, Mr. Chermack did not respond to Nationstar's requests for production. Mr. Chermack submitted interrogatory responses, but Nationstar objected that they were deficient and not properly verified. As part of its counterclaim, Nationstar also requested disclosures from Mr. Chermack. Mr. Chermack failed to respond, despite an agreed deadline extension. Nationstar's third-party petition included a request for disclosures to Mrs. Chermack. Nationstar also served requests for admissions and production on Mrs. Chermack in October 2019. Mrs. Chermack offered only admissions. Nationstar filed a motion to compel on December 5, 2019. At the hearing on the motion, the Chermacks admitted they owed discovery responses. The trial court granted the motion, ordered responses within twenty-one days, and awarded Nationstar conditional sanctions in the amount of $1,410.

The Chermacks, however, failed to comply with the order and produced only a partial set of documents after the court's deadline. On March 13, 2020, Nationstar filed a motion for discovery sanctions. The Chermacks responded, offering to stipulate to certain facts if the trial court would defer ruling on the motion until after it ruled on Nationstar's summary-judgment motion. The trial court granted Nationstar's motion for sanctions, in part, and ordered the Chermacks to provide complete discovery responses by May 19, 2020, file stipulations by May 22, 2020, and pay Nationstar $1,410 in sanctions.

On May 21, 2020, after the Chermacks failed to comply with the second order, Nationstar filed its Supplement to Motion for Discovery Sanctions. Nationstar asserted that Mr. Chermack had provided no response to its first, second, and third requests for production, and its request for disclosures. It also asserted that Mrs. Chermack had provided no response to its first request for production, interrogatories, and request for disclosures. Nationstar asked the trial court to strike the Chermacks' pleadings, award Nationstar its reasonable attorney's fees incurred in the discovery dispute, and "impose death penalty sanctions." The Chermacks filed their stipulations on May 22, 2020, and responded to Nationstar's supplemental motion on May 28, 2002. In their response, the Chermacks asked the trial court "to fashion narrow sanctions tailored towards the actual state of this case that recognize the advantageous position [Nationstar] is in based on discovery responses that were timely made"—referring to their stipulations and admissions. The trial court granted

–14–

Nationstar's motion, struck the Chermacks' pleadings, awarded attorney's fees to Nationstar, and deemed Nationstar's claims admitted.

Based on the Chermack's consistent and prolonged obstruction of discovery and repeated disregard for the trial court's orders, the trial court did not abuse its discretion by imposing death penalty sanctions. It first used lesser sanctions, although not required to do so. *See Cire*, 134 S.W.3d at 840. Yet, the Chermacks continued to resist discovery. Then, when faced with the prospect of death penalty sanctions, the Chermacks offered no explanation for their defiant behavior but merely rationalized that Nationstar had sufficient evidence to move for summary judgment. This is the very sort of conduct that justifies death penalty sanctions. *See Paradigm Oil*, 372 S.W.3d at 184 (death penalty sanction appropriate only when offending party's conduct during discovery justifies presumption that its claims or defenses lack merit). We conclude the trial court did not abuse its discretion by ordering death penalty sanctions. Accordingly, we overrule the Chermacks' second issue.

## CONCLUSION

Mr. Chermacks' claims against Nationstar were predicated on an allegation that the 2014 Loan's principal was twice what was owed under the 2007 Loan. His summary-judgment evidence contradicted this allegation. Accordingly, the trial court properly granted Nationstar's motion for no-evidence summary judgment. The Chermacks' persistent obstruction of discovery and disregard for two prior orders

compelling discovery responses warranted death penalty sanctions. Accordingly, the trial court properly struck the Chermacks' pleadings, deemed Nationstar's claims admitted, and awarded attorney's fees.

Having overruled both of the Chermacks' issues on appeal, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

201051F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEONARD M. CHERMACK AND
JANET CHERMACK, Appellants

No. 05-20-01051-CV          V.

NATIONSTAR MORTGAGE
COMPANY LLC, Appellee

On Appeal from the 471st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 471-03076-
2017.
Opinion delivered by Justice Partida-
Kipness. Justices Reichek and
Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee NATIONSTAR MORTGAGE COMPANY LLC recover its costs of this appeal from appellants LEONARD M. CHERMACK AND JANET CHERMACK.

Judgment entered this 5th day of July 2022.