

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| FRANK D. MCCOLLUM, III, | § | No. 08-13-00318-CV |
| Appellant, | § | Appeal from the |
| v. | § | 101st District Court |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, | § | of Dallas County, Texas |
| | § | |
| Appellee. | § | (TC# DC-12-02026) |
| | § | |

## **O P I N I O N**

Frank D. McCollum, III appeals from a no-evidence summary judgment granted in favor of the Bank of New York Mellon Trust Company on McCollum's claim for wrongful foreclosure. On appeal, McCollum contends: (1) the trial court erred in striking his affidavit filed in response to Mellon's summary judgment motion, because he did not have an adequate opportunity to respond before the trial court ruled on Mellon's motion to strike; and (2) the trial court erred in granting Mellon's motion for summary judgment, because he presented sufficient evidence to raise a genuine issue of material fact. We affirm.[1]

## **BACKGROUND**

---

[1] This case was transferred from our sister court in Dallas, and we decide it in accordance with the precedent of that court to the extent required by TEX.R.APP.P. 41.3.

McCollum sued Mellon alleging that Mellon had wrongfully foreclosed on his home in August 2011. McCollum alleged that another lender had initially held the mortgage on his home before Mellon purchased the mortgage, and that he had been involved in a dispute with his first lender regarding fees the first lender had charged him, which according to McCollum caused him to become delinquent on his payments. McCollum alleged that he and the first lender settled their dispute by entering into an agreement permitting him to make three payments during the month of May 2010, which would have allowed McCollum to become current on the loan. McCollum claimed that the first lender agreed to debit his bank account for all three payments, but had only debited one of the payments. McCollum admittedly did not make the last two scheduled payments before his mortgage was purchased by Mellon.

McCollum further claimed that when the first lender sold the mortgage, he was not informed of the identity of the new lender, which allegedly resulted in McCollum's inability to communicate with Mellon for approximately six months. According to his petition, when Mellon "finally surfaced" as the new lender, Mellon advised him that it would not honor the May 2010 agreement and would not accept any payments from him under that agreement. McCollum alleges that Mellon instead "declared that it would foreclose" on his home unless McCollum paid "additional, illegal charges," and when McCollum refused to do so, Mellon demanded that McCollum pay "unsupported excessive funds immediately and in full" to avoid foreclosure.

McCollum admittedly failed to pay the amounts demanded by Mellon in its notice of acceleration. He claims that he instead negotiated an agreement with Mellon for the sale of the home, in which an unspecified buyer chosen by Mellon would buy the house and allow McCollum to remain in the house as a tenant. According to McCollum, however, Mellon refused to close the

2

sale, and instead foreclosed on the house one day before the scheduled sale was to take place, thereby allowing Mellon to purchase the home, without prior notice to him. McCollum claimed that Mellon's "shameful actions have violated numerous state and federal laws and regulations," and sought a declaration that the foreclosure was void, as well as actual and punitive damages.

About a month before a June 2013 trial setting, Mellon filed a motion to compel discovery and for sanctions, claiming that McCollum had failed to respond to Mellon's discovery requests. Mellon attached proof that it had served its discovery requests on McCollum almost ten months' before, and that McCollum's responses had been due in September 2012. McCollum did not file a response. On May 23, 2013, the trial court issued a written order granting Mellon's motion to compel production and ordering McCollum to produce his responses by May 30, 2013. McCollum did not request the trial court to reconsider that order.

On May 15, 2013, two days after it filed its motion to compel production of documents, Mellon filed a no-evidence motion for summary judgment, alleging that there was "no basis in fact or law" to support the required elements of McCollum's claim for wrongful foreclosure, separately listing each element of that claim. Mellon further alleged that McCollum had been given adequate time for discovery, but had failed to produce any evidence to support his claim.

On June 10, 2013, McCollum filed a response to Mellon's no-evidence motion for summary judgment, to which he attached his own affidavit. In his affidavit, McCollum claimed that he had previously entered into an agreement with his first lender in which the first lender was to debit three payments from his bank account in May 2010 to bring him current on his loan, but that the first lender had failed to debit the last two payments. McCollum attached a copy of the letter dated May 6, 2010, which he claimed to have received from the first lender, purportedly

3

memorializing this agreement. However, contrary to McCollum's representations in his affidavit, the letter expressly stated that it was McCollum's responsibility to tender the payments to the first lender, and warned McCollum that he would be considered in default if he did not ensure that the first lender received the payments in a timely manner in accordance with the schedule set forth in the letter.

Although McCollum admittedly did not make the last two payments as required by his purported agreement with the first lender, McCollum nevertheless asserted in his affidavit that he was not in default on the mortgage when Mellon purchased the note, based on his belief that the May 2010 agreement was still in effect at that time. McCollum alleged that he attempted to make the two payments to Mellon, but that Mellon refused to "honor the agreement" and would not accept his payments.

Although Mellon requested a hearing on its motion for summary judgment, the district court's case summary indicates that the matter was ultimately submitted for decision on June 14, 2013, without a hearing.[2]

On June 11, 2013, Mellon filed a motion to strike McCollum's affidavit as a discovery sanction. Mellon alleged that McCollum had failed to respond to Mellon's discovery requests,

---

[2] Mellon contends that McCollum's response was filed late and therefore should not have been considered by the trial court, thereby providing a separate basis for the trial court's decision to grant summary judgment in its favor. Mellon points out that the motion for summary judgment was submitted on June 14, 2013, and McCollum's response was not filed until June 10, 2013. *See* TEX.R.CIV.P. 166a(c) (except on leave of court, the party opposing a motion for summary judgment may "file and serve opposing affidavits or other written response" not later than seven days before a hearing date); *see also Rorie v. Goodwin*, 171 S.W.3d 579, 583 (Tex.App. – Tyler 2005, no pet.) (the date of submission has the same meaning as the day of hearing under Rule 166a) (citing *Martin v. Martin, Martin & Richards, Inc.,* 989 S.W.2d 357, 359 (Tex. 1998)). In the present case, however, the parties failed to designate the notice of submission as part of the appellate record. Therefore, we do not have any record of when, or if, McCollum received the notice of submission. The notice of submission provides the nonmovant with notice of when its response is due. Without a copy of the notice in the appellate record, we are unable to discern whether McCollum's response was in fact filed in an untimely manner. *See generally Martin,* 989 S.W.2d at 359-60 (although a hearing is not required on a motion for summary judgment, notice of submission of the motion is required in order to alert the opposing party of the due date of his response).

4

and was in violation of the trial court's order directing McCollum to provide his discovery responses by May 30, 2013. Mellon requested that the trial court strike McCollum's affidavit as a sanction for McCollum's "persistent and flagrant disregard of the discovery process," and for McCollum's violation of the trial court's prior order compelling discovery. The certificate of service on Mellon's motion indicates that it was both mailed and e-mailed to McCollum's attorney on June 11, 2013. McCollum did not file a written response, and it does not appear that either party requested a hearing on the motion.

On June 14, 2013, the trial court issued two separate written orders: one order granted Mellon's motion to strike McCollum's affidavit, and the second order granted Mellon's motion for summary judgment, disposing of McCollum's entire lawsuit. The trial court did not provide its reasons for granting Mellon's motions in either order, and neither party requested findings of facts or conclusions of law with regard to the sanctions order.

McCollum filed a timely motion for new trial. McCollum argued that he had provided sufficient evidence to support his claim for wrongful foreclosure in response to Mellon's summary judgment motion, relying almost exclusively on the affidavit he had attached to his response. McCollum did not address the order striking his affidavit as a discovery sanction, and failed to raise any complaint concerning the motion to strike. The motion for new trial was overruled by operation of law pursuant to TEX.R.CIV.P. 329b(c), and this appeal followed.

**DISCUSSION**

**McCollum Waived any Complaint the Trial Court Erred in Striking his Affidavit**

In his first issue, McCollum contends the trial court erred in striking his affidavit as a discovery sanction, claiming that he did not receive sufficient notice of the motion to strike and did not have an adequate opportunity to respond before the trial court ruled. We conclude McCollum

has waived any error.

## *Standard of Review*

We review a ruling on a motion for sanctions under an abuse of discretion standard. *Tidrow v. Roth,* 189 S.W.3d 408, 412 (Tex.App. – Dallas 2006, no pet.) (citing *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004)). In doing so, we review the entire record, including any evidence presented, the arguments of counsel, any written discovery on file, and the circumstances surrounding the party's discovery abuse. *Id.* (citing *Response Time, Inc. v. Sterling Commerce (North America), Inc.,* 95 S.W.3d 656, 659 (Tex.App. – Dallas 2002, no pet.)). "The test for an abuse of discretion review is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action, but 'whether the court acted without reference to any guiding rules and principles.' " *Id.* (citing *Cire*, 134 S.W.3d at 839). The trial judge's ruling will be reversed only if it was arbitrary or unreasonable. *Id.*

## *Analysis*

Rule 215.2 of the Texas Rules of Civil Procedure provides that if a party fails to comply with a proper discovery request or fails to obey a court order compelling discovery, the trial court has the authority to impose a variety of sanctions including striking the party's pleadings. TEX.R.CIV.P. 215.2(b)(5); *see also Koslow's v. Mackie,* 796 S.W.2d 700, 703-04 (Tex. 1990) (trial court has the authority to strike pleadings as a discovery sanction); *Texas Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.,* 300 S.W.3d 348, 384 (Tex.App. – Dallas 2009, pet. denied) (Rule 215 provides that if a trial court finds that a party has abused the discovery process in seeking, making, or resisting discovery, it may impose any appropriate sanction authorized by the rule). Although a trial court has the authority to issue a wide variety of

6

sanctions for a discovery abuse, the sanction must nevertheless be "just" and no more severe than necessary. *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 917 (Tex. 1991); *see also Union Carbide Corp. v. Martin*, 349 S.W.3d 137, 144 (Tex.App – Dallas 2011, no pet.).

McCollum does not argue that the trial court lacked the authority to strike his affidavit as a discovery sanction or that the sanction was too severe or not "just." Instead, McCollum's argument centers entirely on whether he was given adequate notice of the motion to strike, and whether he was denied an adequate opportunity to respond before the trial court ruled on the motion.[3] In particular, McCollum complains that the trial court granted the motion to strike only a few days after it was filed, without a hearing, and without giving him an adequate opportunity to file a response to the motion, thereby denying him the right to be heard on the motion.

Although Rule 215.2(b) states that a trial court may impose discovery sanctions only "after notice and hearing," the Texas Supreme Court has expressly held that a "hearing" does not necessarily contemplate a personal appearance before the court or an oral presentation to the court. *Cire,* 134 S.W.3d at 843–44 (observing that nothing in the rule indicates that a trial court must hold an oral or evidentiary hearing before imposing discovery sanctions); *see also Tidrow,* 189 S.W.3d at 413 (oral hearing not required prior to imposition of discovery sanctions). Instead, Rule 215 simply requires "notice and an opportunity to be heard prior to the imposition of sanctions." *Id.* (citing *Cire,* 134 S.W.3d at 843–44). We therefore conclude that McCollum was not entitled to an oral or evidentiary hearing on the motion to strike before the trial court ruled on it.

---

[3] McCollum alleges in his brief that he "provided adequate discovery" to Mellon before it filed its motion to compel production, thereby intimating that the trial court erred in issuing both its order to compel production and its order imposing discovery sanctions. McCollum fails to support this allegation with any citation to the record, and there is nothing in the record to suggest that McCollum provided any discovery responses to Mellon at any time during the proceedings below. Also, there is nothing in the appellate record to establish that McCollum raised this issue in the trial court. Therefore, to the extent that McCollum is attempting to raise this issue on appeal, we conclude it was not properly preserved for our review. TEX.R.APP.P. 33.1(a) (in order to present a complaint for appellate review, the record must demonstrate that the complaint was made to the trial court by a timely request, objection, or motion).

However, while a trial court is not required to hold a hearing before granting a motion for discovery sanctions, a trial court is not permitted to do so unless the sanctioned party had adequate notice of the motion and an opportunity to be heard on the motion before it is granted. *See, e.g., Tidrow,* 189 S.W.3d at 413 (trial court erred by imposing discovery sanctions where party filed affidavit of non-compliance with discovery on the same day that the trial court imposed sanctions, thereby depriving sanctioned party of adequate notice and opportunity to be heard on the issue); *see also Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex. 1990) (it is an abuse of discretion for the trial court to impose discovery sanctions at a hearing when the defaulting party had inadequate notice or no notice of the sanctions hearing). Further, while Rule 215 does not provide a set number of days in which a party must be given notice before a trial court rules on a sanctions motion, courts have recognized that the notice given must be "reasonable" under the circumstances. *Allied Chem. Co. v. DeHaven*, 824 S.W.2d 257, 262-63 (Tex.App. – Houston [14th Dist.] 1992, no writ) (reasonable notice of a sanctions motion is dictated by the circumstances of each case); *see also Plano Sav. & Loan Ass'n v. Slavin,* 721 S.W.2d 282, 284 (Tex. 1986) (orig. proceeding) (op. on reh'g) (where party did not learn of sanctions hearing until the day before the hearing when he received a note from his former attorney, party "had inadequate notice of the sanctions hearing, which he is required to have"); *White v. White,* No. 05-11-00498-CV, 2012 WL 425981, at *5 (Tex.App. – Dallas Feb. 8, 2012, no pet.) (mem. op., not designated for publication) (trial court abused its discretion in issuing a sanctions order striking a party's pleading where party was verbally notified of sanctions hearing on the day of the hearing).

McCollum correctly points out that although a notice of submission was on file indicating that the trial court intended to rule on Mellon's motion for summary judgment on June 14, 2013,

8

no similar notice was on file alerting McCollum that the trial court intended to rule on Mellon's motion to strike on that same day. McCollum contends that because he did not receive a separate notice of submission of the motion to strike, he was unfairly surprised by the trial court's ruling, and deprived of any meaningful opportunity to respond to the motion before the trial court ruled. *See generally Cintas Corp. v. Minton,* No. 13-06-043-CV, 2008 WL 525191, at *3 (Tex.App. – Corpus Christi Feb. 28, 2008, no pet.) (mem. op., not designated for publication) (trial court abused its discretion in imposing sanctions, where sanctioned party was only given notice that the trial court intended to rule on moving party's motion for summary judgment, and not on the moving party's request for sanctions).

We conclude that McCollum waived his right to raise this issue on appeal. To preserve a complaint on appeal, Rule 33.1 of the Texas Rules of Appellate Procedure requires the record to show that a specific complaint was made to the trial court by a timely request, objection, or motion, and that the trial court ruled on that request, objection, or motion. TEX.R.APP.P. 33.1(a). Thus, when a party is informed of the trial court's intent to rule on a sanctions motion at a hearing, the party is required to raise an objection to a lack of notice at that time, or at least, request a continuance to be given addition time to respond to the sanctions motion. If a party fails to make a timely objection or request for continuance, he waives the right to later raise lack of timely notice as an issue on appeal. *See, e.g., Prade v. Helm*, 725 S.W.2d 525, 526 (Tex.App. – Dallas 1987, no writ) (party waived error where it failed to specifically object that it was given insufficient notice of a sanctions motion, did not request additional time to respond to the motion, and instead allowed the sanctions hearing to go forward without obtaining a ruling from the trial court on the issue of notice); *see also Cotten v. Cotten,* 169 S.W.3d 824, 828-29 (Tex.App. – Dallas 2005, pet. denied)

9

(party waived complaint that he did not receive adequate notice of motion to strike affidavit that he had attached to his summary judgment response where he failed to lodge an objection on that basis in the trial court during the hearing on the summary judgment motion).

Even assuming McCollum did not have an opportunity to object before the trial court ruled on Mellon's motion to strike, once McCollum received notice that the trial court had ruled on the motion to strike, he was obligated to bring his complaint about the lack of notice to the trial court's attention, either by filing a motion for reconsideration or a motion for new trial, in order to preserve the matter for appellate review. *See Walker v. Gonzales County Sheriff's Dept.,* 35 S.W.3d 157, 160 (Tex.App. – Corpus Christi 2000, pet. denied) (party may preserve claim of inadequate notice for appellate review by filing a motion for new trial); *Tidrow,* 189 S.W.3d at 411.

Although McCollum timely filed a motion for new trial, he complained in that motion only about the trial court's order granting summary judgment, and did not raise any complaint about the trial court's order granting the motion to strike his affidavit.   In fact, in his motion for new trial, McCollum failed to even acknowledge that the trial court had stricken his affidavit; instead, he repeatedly referred to his affidavit and relied almost exclusively on the affidavit to support his argument that the trial court had erroneously granted summary judgment.

Because McCollum raised no complaint in his motion for new trial about the trial court's order granting Mellon's motion to strike his affidavit, and in particular, raised no complaint that he did not have an adequate opportunity to respond to Mellon's motion, we conclude that McCollum did not properly preserve this issue for our review.[4]   Issue One is overruled.

---

[4] McCollum's affidavit made conclusory allegations regarding Mellon's allegedly wrongful actions, many of which were contradicted by admissions McCollum made in his pleadings and in his appellate briefs.   Thus, even if the trial

10

**The Trial Court did not Err in Granting Summary Judgment on
McCollum's Claim for Wrongful Foreclosure**

In his second issue, McCollum asserts that the trial court erred in granting Mellon's no-evidence summary judgment on his wrongful foreclosure claim. McCollum claims that he came forward with sufficient evidence in his response to raise genuine issues of material fact precluding summary judgment on his wrongful foreclosure claim. Although McCollum's pleadings in the trial court cannot be considered models of clarity, his claim for wrongful foreclosure appears to have been based on three allegations: (1) Mellon failed to provide him with proper notice of the foreclosure sale; (2) Mellon failed to recognize that he was not in default when it initiated foreclosure proceedings; and (3) Mellon proceeded to foreclosure in violation of an agreement with McCollum to allow him to finalize the sale to a third party that was set to close prior to the foreclosure sale.

*Standard of Review and Applicable Law*

After adequate time for discovery has passed, a defendant may move for summary judgment on the ground there is no evidence of one or more essential elements of a plaintiff's claims on which the plaintiff would have the burden of proof at trial. TEX.R.CIV.P. 166a(i). A no-evidence motion for summary judgment must specifically state the elements of the plaintiff's claims for which the defendant asserts there is no evidence. *Id*; *Esty v. Beal Bank S.S.B.,* 298 S.W.3d 280, 298 (Tex.App. – Dallas 2009, no pet.); *see also Timpte Indus., Inc. v. Gish,* 286 S.W.3d 306, 310 (Tex. 2009) (the motion must be specific in challenging the evidentiary support for each challenged element of a claim or defense). A trial court must grant the motion unless the plaintiff produces sufficient summary judgment evidence to raise a genuine issue of material fact

court had not granted Mellon's motion to strike, McCollum's affidavit would not have been sufficient to establish any of the elements of his wrongful foreclosure claim.

for trial. TEX.R.CIV.P. 166a(i). Therefore, when a no-evidence motion for summary judgment is filed, the burden shifts to the nonmovant to present enough evidence to be entitled to a trial, *i.e.,* evidence that raises a genuine issue on the challenged elements. *Mack Trucks v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006) (once a no-evidence summary judgment is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion); *Jones v. Blume,* 196 S.W.3d 440, 445 (Tex.App. – Dallas 2006, pet. denied) (a no-evidence motion for summary judgment places the burden on the nonmovant to present summary judgment evidence raising a genuine fact issue for trial).[5]

We review a no-evidence motion for summary judgment under the same legal sufficiency standard that is used to review a directed verdict. *Flood v. Katz,* 294 S.W.3d 756, 762 (Tex.App. – Dallas 2009, pet. denied); *Timpte Indus., Inc.,* 286 S.W.3d at 310 (a no-evidence summary judgment motion is essentially a motion for a pretrial directed verdict). Under this standard, if the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of fact on the material questions presented, the court should not grant the summary judgment. *Jones v. Blume*, 196 S.W.3d 440, 445 (Tex.App. – Dallas 2006, pet. denied) (reviewing court must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented). More than a scintilla of evidence exists when the

---

[5] McCollum contends that he provided Mellon with "ample notice" of his claims, and that it was Mellon's burden to file "special exceptions" if it believed McCollum's pleadings were not sufficiently specific. In making this argument, McCollum misunderstands the different purposes behind a no-evidence motion for summary judgment and special exceptions. Special exceptions are warranted when pleadings fail to provide adequate notice of the claims; in response to a special exception, a party must be given the opportunity to amend its pleadings in an attempt to remedy the alleged deficiencies. *See Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex. 1983). However, when a defendant files a no-evidence motion for summary judgment, the defendant is not seeking clarification of the pleadings. The defendant is challenging the plaintiff to come forward with evidence to support his claims. Therefore, we reject any argument that Mellon was required to file special exceptions to McCollum's pleadings. *See Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.,* 284 S.W.3d 416, 428, n.11 (Tex.App. – Austin 2009, no pet.) (claim that appellee was required to file special exceptions was without merit, where appellee filed a no-evidence motion for summary judgment alleging that appellant did not have sufficient facts to support its claims).

12

evidence "'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003*)* (quoting *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997)). Less than a scintilla of evidence exists when the evidence is "'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex. 1983)).

In determining whether a scintilla of evidence exists, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mack Trucks,* 206 S.W.3d at 582 (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex. 2005)).

### *Analysis*

Mellon's motion for no-evidence summary judgment listed each element of a claim for wrongful foreclosure, and asserted that McCollum had no evidence to support any of those elements.[6] The only evidence McCollum presented in response to Mellon's motion for summary judgment was his affidavit with the attached letter from his first lender. But, the trial court struck McCollum's affidavit, and, as we concluded, McCollum has waived any error in that regard.

In reviewing whether a summary judgment was properly granted, we may not consider struck portions of the record because that evidence is not a part of the summary judgment record. *See Trudy's Tex. Star, Inc. v. City of Austin*, 307 S.W.3d 894, 898 n.2 (Tex.App. – Austin 2010, no pet.); *Esty,* 298 S.W.3d at 294. And, because McCollum cannot show on appeal that the trial

---

[6] To establish a claim for wrongful foreclosure, a plaintiff must prove: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortg. Corp*., 268 S.W.3d 135, 139 (Tex.App. – Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens,* 781 S.W.2d 368, 371 (Tex.App. – Houston [14th Dist.] 1989, writ denied)).

court erred in striking his affidavit, we cannot consider that evidence in our review of the trial court's no-evidence summary judgment. *See Sauls v. Munir Bata, LLC*, No. 02-14-00208-CV, 2015 WL 3905671, at \*5 (Tex.App. – Fort Worth June 11, 2015, no pet.) (mem. op., not designated for publication). Because the only evidence McCollum produced in response to Mellon's no-evidence motion for summary judgment was stricken by the trial court, there was no summary judgment evidence for the trial court to consider, and likewise no summary judgment evidence for us to consider in our appellate review. Without any responsive evidence to consider, the trial court was required to grant Mellon's no-evidence motion for summary judgment. *See* TEX.R.CIV.P. 166a(i); *Mack Trucks*, 206 S.W.3d at 582. Accordingly, we conclude the trial court properly granted Mellon's no-evidence motion for summary judgment as to McCollum's wrongful foreclosure claim. Issue Two is overruled.

### The Trial Court did not Err in Granting Summary Judgment on McCollum's Purported Breach of Contract Claim

In his third issue, McCollum asserts he intended to raise a separate claim for breach of contract that Mellon had breached a contract when it repudiated the May 2010 agreement McCollum allegedly had with his first lender. Assuming McCollum raised a separate claim for breach of contract in his pleadings, Mellon was required to set forth the elements of that claim in its motion for summary judgment, and allege that McCollum had no evidence to support one or more of those elements. TEX.R.CIV.P. 166a(i); *Esty,* 298 S.W.3d at 298 (the party moving for a no-evidence summary judgment must specifically state the elements as to which there is no evidence); *see G & H Towing Co. v. Magee,* 347 S.W.3d 293, 297 (Tex. 2011) (per curiam) (summary judgment may only be granted upon grounds expressly asserted in the summary judgment motion).

14

As Mellon points out, however, McCollum's petition focused exclusively on his claim for wrongful foreclosure. Further, McCollum never informed the trial court that he intended to raise a separate claim breach of contract claim, either before or after the trial court granted Mellon's motion for summary judgment. Instead, McCollum appeared satisfied with Mellon's characterization that his lawsuit was based solely on a claim of wrongful foreclosure. Moreover, after the trial court dismissed his entire lawsuit, McCollum did not raise any complaint in his motion for new trial that he had also sued for breach of contract.

In any event, McCollum's description of his purported breach of contract claim in his brief centers exclusively on the allegation that Mellon wrongfully repudiated the May 2010 agreement he allegedly had with his first lender. This same factual allegation is also at the heart of McCollum's wrongful foreclosure claim, and we have already determined that McCollum failed to produce any evidence to support that factual allegation. Therefore, even if we were to liberally construe McCollum's pleadings to raise a claim for breach of contract, any error arising from Mellon's failure to address that claim in its motion would be harmless given the interrelated nature of the two claims.

In a similar situation, the Texas Supreme Court recognized that even when a motion for summary judgment omits one of multiple causes of action, the trial court's order granting summary judgment may still be upheld on appeal when the "omitted ground was intertwined with, and precluded by, a ground addressed in the motion." *G & H Towing Co.,* 347 S.W.3d at 297. In particular, the Court recognized that even when a trial court errs in granting a no-evidence summary judgment on a cause of action not expressly presented in the summary judgment motion, that error is considered harmless when the record clearly reveals that omitted cause of action was

15

precluded as a matter of law by other grounds clearly raised and addressed by the trial court. *Id.* at 297-98; *see also Zarzosa v. Flynn,* 266 S.W.3d 614, 621 (Tex.App. – El Paso 2008, no pet.) (holding reversal would be meaningless because questioned recovery precluded as a matter of law).

We have already determined that McCollum failed to raise any evidence that Mellon wrongfully repudiated the May 2010 agreement he allegedly had with his first lender. McCollum's purported breach of contract claim, as described in his brief, is based solely on this same allegation. Accordingly, we conclude that any error arising from Mellon's failure to address McCollum's purported claim for breach of contract in its summary judgment motion was harmless, because, as we have already concluded, McCollum failed to present any evidence to support the underlying factual basis for that cause of action. *See G & H Towing*, 347 S.W.3d at 297 (citing TEX.R.APP.P. 44.1(a)). We therefore overrule McCollum's third issue.

## CONCLUSION

We affirm the trial court's judgment.

STEVEN L. HUGHES, Justice

November 18, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

16