**DISMISS and Opinion Filed April 15, 2020**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-19-01190-CV**

_____

**JAMES MCCOLLUM AND FRANK D. MCCOLLUM, III, Appellants**

**V.**

**U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE**
**FOR TRUMAN 2016 SC6 TITLE TRUST, Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-03726-C**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Nowell
Opinion by Chief Justice Burns

Appellants James McCollum and Frank D. McCollum, III (Frank) appeal

from the trial court's judgment in a forcible detainer action awarding possession of

the property to appellee.[1]  After appellee notified the Court that the property had

been destroyed by fire hours before the writ of possession was to be executed and

was no longer habitable, we instructed the parties to file letter briefs addressing

---

[1] James McCollum participated at trial and filed a timely notice of appeal.  Frank, who did not participate at trial or file a timely post-judgment motion, filed a timely notice of restricted appeal. *See* TEX. R. APP. P. 30.

whether the appeal is now moot. *See Olley v. HVM, LLC*, 449 S.W.3d 572, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (appellate courts lack jurisdiction over moot controversies).

A forcible detainer action is intended as a speedy and inexpensive way to obtain immediate possession of property. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). A judgment of possession in such an action is not a final determination as to whether the eviction is wrongful, but merely a determination of the right to immediate possession. *Id.* When a party is no longer in possession of the property and cannot demonstrate a meritorious claim of right to current, actual possession, the case is moot and the reviewing court must vacate the judgment and dismiss the appeal. *See id.* at 788. Any challenges to the validity of the underlying substitute trustee's deed and the foreclosure sale, even if meritorious, cannot be resolved in a forcible-detainer action and cannot form the basis of a potentially meritorious claim of right to current, actual possession. *See Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd); *Snowden v. Quach*, No. 05-18-01040-CV, 2019 WL 5119273, at *2 (Tex. App.—Dallas Oct. 7, 2019, no pet.) (mem. op.).

The record before this Court demonstrates that the property was sold at a foreclosure sale. At that time, appellants became tenants at sufferance. Appellee subsequently acquired the property. In his letter brief, Frank asserts the appealed judgment is void because in rendering the judgment, the county court necessarily

–2–

determined title to the property. We disagree. Following the foreclosure sale, Frank filed a wrongful foreclosure lawsuit. The trial court granted summary judgment in favor of the bank. Frank appealed and the court of appeals affirmed the trial court's judgment. *See McCollum v. The Bank of New York Mellon Trust Co.*, 481 S.W.3d 352, 363 (Tex. App.—El Paso 2015, no pet.). Thus, title to the property has been determined and Frank's argument that the appealed judgment is void lacks merit.

Frank also asserts this appeal is not moot because the collateral consequences exception to the mootness doctrine applies. In order to invoke the collateral consequences exception, Frank must show both that a concrete disadvantage resulted from the judgment and that the disadvantage will persist even if the judgment is vacated and the case dismissed as moot. *See Marshall*, 198 S.W.3d at 789. Although Frank's argument is difficult to decipher, he appears to argue the disadvantages that will persist in the future are financial ruin caused by the destruction of the house by the fire, damage to his personal reputation and credit, and that a judgment from this Court will impede his efforts to pursue tort claims for alleged wrongs. We disagree. The property loss was suffered by appellee, not Frank. Furthermore, one purpose of vacating the underlying judgment if a case becomes moot during an appeal is to prevent prejudice to the rights of the parties when appellate review of the judgment on its merits is precluded. *See Marshall*, 198 S.W.3d at 788; *see also Reule v. RLZ Investments*, 411 S.W.3d 31, 33 (Tex. App. – Houston [14th Dist.] 2013, no pet.) (declining to apply collateral consequences

–3–

exception when party complained that the judgment hurts reputation and credit but failed to explain why consequences would persist once judgment vacated).

Appellants are no longer in possession of the property. Because appellants have shown neither a potentially meritorious claim of right to current, actual possession of the property nor that the collateral consequences exception to mootness doctrine applies, we conclude this appeal is moot, vacate the trial court's judgment, and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

191190F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JAMES MCCOLLUM AND
FRANK D. MCCOLLUM, III,
Appellants

No. 05-19-01190-CV     V.

U.S. BANK NATIONAL
ASSOCIATION AS LEGAL TITLE
TRUSTEE FOR TRUMAN 2016
SC6 TITLE TRUST, Appellee

On Appeal from the County Court at
Law No. 3, Dallas County, Texas
Trial Court Cause No.
CC-19-03726-C.
Opinion delivered by Chief Justice
Burns. Justices Whitehill and Nowell
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST recover its costs of this appeal from appellants JAMES MCCOLLUM AND FRANK D. MCCOLLUM, III.

Judgment entered April 15, 2020.

–5–