**Affirmed and Opinion Filed July 6, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00052-CV

## SHAMIM CHOWDHURY AND LIZA CHOWDHURY, Appellants
## V.
## MATT SANDERS AND DRY FORCE LLC, Appellees

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-19347**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Goldstein
Opinion by Justice Partida-Kipness

Pro se appellants Shamim and Liza Chowdhury appeal from the trial court's

judgment striking their pleadings, dismissing their claims, and granting judgment on

appellees' breach-of-contract counterclaim. In eight issues, appellants broadly

contend the trial court erred in imposing sanctions and rendering judgment for

appellees. We affirm the trial court's judgment.

## BACKGROUND

Shamim executed a written contract with Dry Force LLC on October 2, 2018,

to remediate water damage to appellants' house. Shortly after Dry Force began

performance under the contract, Shamim asked Dry Force to terminate its services

and remove its equipment from the house. Dry Force did so, and Shamim signed a Certificate of Completion and Satisfaction in which he attested the services "have been completed to my satisfaction." Two days after it terminated services, Dry Force sent Shamim an invoice for services rendered. The invoice reflected a payment of $105 and a remaining balance of $2,743.73. Appellants did not pay the balance, and Dry Force filed a mechanic's lien on appellants' property.

Appellants filed suit on December 31, 2018, against Dry Force and Matt Sanders, Dry Force's general manager, alleging that Dry Force did not perform services under the contract, but performed "work as they wished." Thus, appellants alleged that Dry Force's mechanic's lien was invalid and fraudulent. Appellants sought a declaratory judgment to that effect and statutory and exemplary damages. Appellees answered and filed counterclaims for breach of contract, suit on sworn account, promissory estoppel, and quantum meruit. Shortly after filing suit, appellants filed a motion for no-evidence summary judgment on their claims. The motion also included additional, previously unpleaded, claims for alleged DTPA violations. The trial court denied appellants' motion.

Appellees issued discovery requests to appellants. When appellants did not respond, appellees' counsel contacted Shamim by email to request responses. Shamim indicated that he had mailed the responses to appellees' counsel. Counsel did not receive the responses as promised, and appellees filed a motion to compel appellants' discovery responses. The trial court granted appellees' motion and

ordered appellants to respond to the discovery requests and to pay $1,000 in attorney's fees. Appellants still did not produce discovery responses. Appellees filed a motion for sanctions, asking the trial court to strike appellants' pleadings, grant judgment on Dry Force's breach-of-contract counterclaim, and award damages of $2,743.73 and attorney's fees of $4,500. The trial court held a hearing and granted appellees' motion in part, issuing a final judgment striking appellants' pleadings, dismissing their claims, and finding that Shamim breached his contract with Dry Force. The trial court did not award contract damages, however, but awarded Dry Force $4,500 in attorney's fees. This appeal followed.

**STANDARD OF REVIEW**

We review a trial court's order imposing sanctions for an abuse of discretion. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Shops at Legacy (Inland) Ltd. P'ship v. Fine Autographs & Memorabilia Retails Stores, Inc.*, 418 S.W.3d 229, 232 (Tex. App.—Dallas 2013, no pet.). A trial court abuses its discretion if it acts without reference to any guiding rules and principles to the extent the act was arbitrary or unreasonable. *Am. Flood Research, Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006) (per curiam); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004); *Shops at Legacy*, 418 S.W.3d at 232. We review the entire record to determine whether the imposition of sanctions constitutes an abuse of discretion. *Am. Flood Research*, 192 S.W.3d at 583; *Shops at Legacy*, 418 S.W.3d at 232.

Discovery sanctions are authorized by Texas Rule of Civil Procedure 215.2. *See* TEX. R. CIV. P. 215.2; *Shops at Legacy*, 418 S.W.3d at 232. If a trial court finds a party is abusing the discovery process in seeking, making, or resisting discovery, then the trial court may, after notice and hearing, impose any appropriate sanction authorized by rule 215.2(b)(1)–(5) and (8). TEX. R. CIV. P. 215.3; *Shops at Legacy*, 418 S.W.3d at 232. Appropriate sanctions include those often referred to as "death penalty" sanctions that strike out "pleadings or parts thereof," dismiss "with or without prejudice the actions or proceedings or any part thereof," and render "a judgment by default against the disobedient party." TEX. R. CIV. P. 215.2(b)(5). Such sanctions adjudicate claims and preclude presentation of the merits of the case. *See Cire*, 134 S.W.3d at 840–41; *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 918 (Tex. 1991); *Shops at Legacy*, 418 S.W.3d at 232. The trial court may also award attorney's fees incurred in response to a party's failure to obey the court's discovery order. TEX. R. CIV. P. 215.2(b)(8).

Although the choice of sanction is left to the sound discretion of the trial court, the sanctions imposed must be just. *See* TEX. R. CIV. P. 215.2; *TransAmerican*, 811 S.W.2d at 916; *Shops at Legacy*, 418 S.W.3d at 232. There must be a "direct relationship" between the abusive conduct and the sanction imposed, and the sanction must not be excessive. *See TransAmerican*, 811 S.W.2d at 917; *Shops at Legacy*, 418 S.W.3d at 232. The trial court must consider, but need not actually impose, lesser sanctions before issuing a "death penalty" sanction. *Cire*, 134 S.W.3d

at 840; *TransAmerican*, 811 S.W.2d at 917; *Shops at Legacy*, 418 S.W.3d at 232–33.

## ANALYSIS

Appellants bring eight issues on appeal that broadly contend the trial court erred when it sanctioned appellants and issued judgment for appellees on their breach-of-contract counterclaim. Appellees contend, however, that the sanctions were appropriate because appellants flouted the trial court's discovery order and the trial court implemented lesser sanctions before striking appellants' pleadings and rendering judgment on appellees' counterclaim.

### A. "Death Penalty" Sanction

In five "supplemental" issues, appellants contend the trial court erred by imposing sanctions for their failure to respond to appellees' discovery requests. Although not perfectly clear from their briefing, appellants appear to contend that the trial court erred by failing to issue findings to support its sanction orders, imposing a "fine" and "death penalty" sanctions, and failing to find that appellees did not properly serve the discovery requests and motions at issue.

At the outset, we note that appellants' briefing is virtually devoid of any cited authority. Although appellants quote portions of rule of civil procedure 21a and *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992), they fail to explain how these authorities apply to their contentions that they did not receive service of appellees' motions and that the trial court abused its discretion in awarding appellees' $1,000

–5–

in attorney's fees when it granted their motion to compel. Appellants fail to cite any authority to support their remaining contentions, and appellants' arguments on these points consist only of unsupported, conclusory statements.

We recognize that appellants are acting pro se and we must construe their brief liberally. *Amrhein v. Bollinger*, 593 S.W.3d 398, 401 (Tex. App.—Dallas 2019, no pet.) (citing *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989)). But our rules of appellate procedure have specific requirements for briefing, and the law is well-settled that a party proceeding pro se must comply with all applicable rules. TEX. R. APP. P. 38.1; *Amrhein*, 593 S.W.3d at 401; *Harris v. Showcase Chevrolet*, 231 S.W.3d 559, 561 (Tex. App.—Dallas 2007, no pet.). This includes making "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). In this regard, appellants have failed to adequately brief these issues.

Additionally, appellants have failed to preserve error for our review. Our rules for preservation of error preclude a party from raising a complaint for the first time on appeal. *Burbage v. Burbage*, 447 S.W.3d 249, 258 (Tex. 2014). To preserve a complaint on appeal, Rule 33.1 of the Texas Rules of Appellate Procedure requires the record to show that a specific complaint was made to the trial court by a timely request, objection, or motion, and that the trial court ruled on that request, objection, or motion. TEX. R. APP. P. 33.1(a); *see also Jurgens v. Martin*, No. 11-18-00316-CV, – S.W.3d –, 2021 WL 1033306, at *13 (Tex. App.—Eastland Mar. 18, 2021,

–6–

no pet.) (appellant failed to preserve complaint that sanctions were improperly based on discovery order issued in prior probate proceeding by not objecting on that ground); *McCollum v. The Bank of New York Mellon Tr. Co.*, 481 S.W.3d 352, 359 (Tex. App.—El Paso 2015, no pet.) (error not preserved because appellant failed to object to order striking affidavit); *Prade v. Helm*, 725 S.W.2d 525, 526–27 (Tex. App.—Dallas 1987, no writ) (party waived error by failing to specifically object that it received insufficient notice of a sanctions motion, did not request additional time to respond to the motion, and allowed the sanctions hearing to go forward without obtaining a ruling from the trial court regarding notice). There is no indication in the record that appellants responded to appellees' motion to compel or motion for sanctions. Appellants likewise failed to raise an objection to the trial court's rulings on these motions. Accordingly, appellants failed to preserve error regarding the trial court's sanction orders for our review. *See* TEX. R. APP. P. 33.1.

Regardless, the record reflects that appellees served discovery requests on appellants by the eFiling system on February 19, 2018. Appellees' counsel properly certified service of these requests, and exhibits attached to appellees' motion to compel discovery reflect that the eFiling system successfully delivered the documents to Shamim's email address on record. Yet, appellants did not respond to appellees' discovery requests or the trial court's order compelling their responses. Moreover, the record reflects that Shamim claimed he had mailed responses to appellees' counsel, when, in fact, he had not. The record also reflects that appellees'

motions were served on appellants in accordance with the rules of civil procedure, and appellants did not respond. Furthermore, before the trial court ordered "death penalty" sanctions, it imposed lesser sanctions by ordering appellants to respond to the discovery requests and to pay $1,000 in attorney's fees. Yet, appellants still did not comply. Thus, we conclude the trial court did not abuse its discretion in ordering "death penalty" sanctions. *See TransAmerican*, 811 S.W.2d at 917. The trial court was not required to issue findings of fact to support its order, and the record does not reflect that appellants requested findings. *See Chrysler Corp. v. Blackmon*, 841 S.W.2d 844, 852 (Tex. 1992); *Shops at Legacy*, 418 S.W.3d at 233. Accordingly, we overrule appellants first, second, third, fourth, and sixth supplemental issues.

## B. Judgment on Appellees' Counterclaim

In their two main issues and their fifth "supplemental" issue, appellants contend the trial court erred in granting judgment on appellees' breach-of-contract counterclaim because the claim was barred by section 16.069 of the civil practice and remedies code and the statute of frauds, and appellants did not have notice the trial court was going to rule on the claim at the sanctions hearing. Appellees contend that their counterclaim was not barred, and the judgment as a sanction for appellants' refusal to respond to appellees' discovery requests and obey the trial court's discovery order was permitted and appropriate.

As with their briefing on issues regarding the trial court's order striking their pleadings, appellants fail to cite any authority in support of their issues regarding the

–8–

judgment on appellees' counterclaim. Indeed, appellants fail to offer any argument whatsoever on their fifth "supplemental" issue. Thus, appellants have failed to adequately brief the issues. *See* TEX. R. APP. P. 38.1(i). Appellants likewise failed to preserve the issues for appeal because they did not object to the trial court's rulings on appellees' motions. *See* TEX. R. APP. P. 33.1(a)

Regardless, section 16.069 and the statute of frauds are inapplicable to appellees' counterclaim. Section 16.069(a) of the civil practice and remedies code applies only to counterclaims that would be barred by limitations if filed as a separate action. TEX. CIV. PRAC. & REM. CODE § 16.069(a). The record reflects that appellees filed their counterclaim within the four-year limitations period generally applicable to breach-of-contract claims. *See Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 315 (Tex. 2006). Additionally, the contract at issue is not a type of contract governed by the statute of frauds. *See* TEX. BUS. & COM. CODE § 26.01 (identifying contracts subject to statute of frauds and enforceability requirements). Thus, appellees' counterclaim for breach of contract was not barred by section 16.069 or the statute of frauds. Additionally, the trial court had discretion to render judgment on appellees' counterclaim based on the presumption that any defense appellants may have asserted lacked merit. *TransAmerican*, 811 S.W.2d at 918 ("[I]f a party refuses to produce material evidence, despite the imposition of lesser sanctions, the court may presume that an asserted claim or defense lacks merit and dispose of it.").

Accordingly, we overrule appellants' first and second issues and fifth "supplemental" issue.

## CONCLUSION

Appellants have failed to adequately brief and preserve error on their issues. Regardless, the record does not support appellants' arguments on appeal. Accordingly, we overrule all of appellants' issues and affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

200052F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

SHAMIM CHOWDHURY AND
LIZA CHOWDHURY, Appellants

No. 05-20-00052-CV     V.

MATT SANDERS AND DRY
FORCE LLC, Appellees

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-18-19347.
Opinion delivered by Justice Partida-
Kipness. Justices Pedersen, III and
Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees MATT SANDERS AND DRY FORCE LLC recover their costs of this appeal from appellants SHAMIM CHOWDHURY AND LIZA CHOWDHURY.

Judgment entered July 6, 2021.