COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ELDON RODRIGUEZ and MARIA RODRIGUEZ, | § | No. 08-24-00024-CV |
| Appellants, | § | Appeal from the |
| v. | § | 171st District Court |
| HEATHER HARMSTON, JAIME GARDEA, SYNERGY CONSTRUCT, LLC, and GC RENTALS and MANAGEMENT, LLC D/B/A REALTY ONE GROUP MENDEZ BURK; | § § | of El Paso County, Texas (TC# 2021DCV2346) |
| Appellees. | | |

**MEMORANDUM OPINION**

This is an appeal from the trial court's order granting Appellees' joint motion for sanctions, assessing monetary sanctions against Appellants, and dismissing with prejudice all of Appellants' claims against Appellees. In a single issue on appeal, Appellants contend the trial court abused its discretion in imposing sanctions against them in favor of Appellees. For the reasons stated below, we affirm in part, reverse in part, and remand the cause for further proceedings.

## I. FACTUAL BACKGROUND

In the underlying lawsuit, Appellants, Eldon Rodriguez and Maria Rodriguez, sued Heather Harmston, Jaime Gardea, Synergy Construct, LLC (Synergy), and GC Rentals and Management,

LLC d/b/a Realty One Group Mendez Burk (GC Rentals) (collectively, Appellees) alleging a variety of claims associated with the purchase of real property. During the pendency of the suit, the parties all served requests for discovery and notices of depositions. Following discovery and scheduling disputes, Appellees filed a joint motion seeking Sanctions, a show cause order, and emergency hearing. After a hearing, the trial court signed an order granting Appellees' joint motion and it ordered: (1) for Appellants to pay expenses related to Appellees' discovery, depositions, and court costs; and (2) dismissal of all of Appellants' claims against Appellees with prejudice. This appeal ensued.

## II. STANDARD OF REVIEW & APPLICABLE LAW

Texas Rule of Civil Procedure 215 generally leaves sanctions to the sound discretion of the trial court. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). We review a trial court's imposition of discovery sanctions for a clear abuse of discretion. *See Horizon Health Corp. v. Acadia Healthcare Co., Inc.*, 520 S.W.3d 848, 884 (Tex. 2017); *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Cire*, 134 S.W.3d at 839. Its judgment should be reversed only if the ruling was arbitrary or unreasonable. *Id.*

"Sanctions are used to assure compliance with discovery and deter those who might be tempted to abuse discovery in the absence of a deterrent." *Id.* Sanctions may be imposed, after notice and a hearing, on parties who refuse to respond, or who give inadequate responses, to valid discovery requests or orders. *See* Tex. R. Civ. P. 215.1–.5. For purposes of these provisions, "an evasive or incomplete answer is treated as a failure to answer." Tex. R. Civ. P. 215.1(c). Further, sanctions may be appropriate even when a party eventually complies with a discovery request. *See, e.g.*, *Drozd Corp. v. Capitol Glass & Mirror Co.*, 741 S.W.2d 221, 223 (Tex. App.—Austin 1987,

2

no writ). "Although a trial court has the authority to issue a wide variety of sanctions for [ ] discovery abuse, the sanction must nevertheless be 'just' and no more severe than necessary." *McCollum v. The Bank of New York Mellon Tr. Co.*, 481 S.W.3d 352, 357 (Tex. App.—El Paso 2015, no pet.) (citing *TransAmerican*, 811 S.W.2d at 917).

In determining whether the trial court abused its discretion, we must ensure the sanctions were appropriate or just. *TransAmerican*, 811 S.W.2d at 917. We measure whether an imposition of sanctions is just by two standards. *Id.*

> First, a direct relationship must exist between the offensive conduct and the sanction imposed. This means that a just sanction must be directed against the abuse and toward remedying the prejudice caused the innocent party. It also means that the sanction should be visited upon the offender. The trial court must at least attempt to determine whether the offensive conduct is attributable to counsel only, or to the party only, or to both. . . . Second, just sanctions must not be excessive. The punishment should fit the crime. A sanction imposed for discovery abuse should be no more severe than necessary to satisfy its legitimate purposes. It follows that courts must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance.

*Id.*

## III. AWARD OF SANCTIONS

In a series of complaints, Appellants contend the trial court abused its discretion in awarding sanctions because: (1) the order failed to comply with the standards set forth in Texas Rule of Civil Procedure 215, (2) the order is manifestly unjust and unconstitutional, (3) the trial court failed to consider lesser sanctions, and (4) there was a "complete absence of evidence."[1]

---

[1] Appellants also assert "counsel for Appellees and the Trial Court improperly participated in *ex parte* communications to the exclusion of undersigned counsel [Michael R. Nevarez], even though Appellees never articulated a reason as to why there existed an alleged 'emergency.'" Appellants contend Nevarez "joined the hearing on [GC Rentals' motion] that was already in progress via Zoom," having begun without all counsel present. As to this complaint, Appellants do not identify the specific "communication" they allege was *ex parte* or provide any citations to the record. Therefore, to the extent the complaint relates to whether the sanctions order was just, it is inadequately briefed. *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

## A. Determination of the "Offending Party"

"In reviewing a sanctions order, we ordinarily look to the trial court's formal findings of fact." *1001 W. Loop LP v. Boxer Prop. Mgmt. Corp.*, No. 14-23-00120-CV, 2024 WL 3271713, at *5 (Tex. App.—Houston [14th Dist.] July 2, 2024, no pet.) (mem. op.). In the absence of formal findings of fact, we look to the trial court's statements in the sanctions order. *Id*. Regardless, a trial court's discretion to impose sanctions does not depend on whether it issues a specific finding that the "party"—in this case, Appellants—abused the discovery process. *Am. Flood Rsch., Inc. v. Jones*, 192 S.W.3d 581, 583 (Tex. 2006). Rather, "[i]n reviewing sanctions orders, the appellate courts are not bound by a trial court's findings of fact and conclusions of law; rather, appellate courts must independently review the entire record to determine whether the trial court abused its discretion." *Id.*

In this case, the record does not indicate formal findings of fact were requested and the trial court's order does not recite facts and findings supporting the imposition of sanctions. However, the order assesses discovery expenses and court costs against only Appellants and not against their attorney(s). To the extent the discovery abuse was solely attributable to the attorney, and not his clients, the trial court was not without remedies to directly sanction the attorney instead of the clients. *See* Tex. R. Civ. P. 215.2(b)(2), (8) (permitting trial court to sanction attorney directly). Therefore, the assessment of monetary sanctions against only Appellants leads us to conclude the trial court determined Appellants to be the offending parties.

Furthermore, there was no record taken from the hearing on the joint motion for sanctions. Appellants contend the lack of a record has denied them their right to fully evaluate whether justice was done. However, GC Rentals presents, and Appellants do not dispute, that the court reporter was not present at the hearing on the joint motion and the trial court then asked whether one would

4

be necessary. All counsel, including Appellants' attorney, waived the need for a record and proceeded with the hearing.[2]

Without a reporter's record, we must presume the evidence presented at the hearing was sufficient to support the trial court's judgment. *See MSW Corpus Christi Landfill, Ltd. v. Gulley-Hurst, L.L.C.*, 664 S.W.3d 102, 109 (Tex. 2023) (per curiam) (holding courts "must presume that the evidence before the trial judge was adequate to support the decision"); *Alejos v. Vance*, No. 08-23-00321-CV, 2025 WL 660790, at *5 (Tex. App.—El Paso Feb. 28, 2025, no pet. h.) (mem. op.) (concluding that, without a reporter's record, we must presume the evidence before the trial court was adequate to support its decision); *Hizar v. Heflin*, 672 S.W.3d 774, 788 (Tex. App.—Dallas 2023, pet. denied) (same).

Therefore, we conclude the evidence before the trial court was adequate to support its ruling.

### B. Lesser sanctions

In evaluating excessiveness, we "must consider the availability of less stringent sanctions and whether such lesser sanctions would fully promote compliance." *Id.* at 790. The record must show that the trial court first considered less stringent sanctions before it imposed the sanctions at issue. *Cire*, 134 S.W.3d at 839–40. The record should also contain "some explanation of the appropriateness of the sanctions imposed." *Spohn Hosp. v. Mayer*, 104 S.W.3d 878, 883 (Tex. 2003). "Discovery sanctions that are so severe as to inhibit presentation of the merits of a case should be reserved to address a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." *Id.*

---

[2] Additionally, GC Rentals asserts that Appellants' counsel left the hearing and indicated he would return later.

In reviewing whether the trial court considered lesser sanctions, we look to the monetary sanctions and death penalty sanctions separately.

### (1) Monetary sanction

"If a party . . . fails to comply with proper discovery requests or to obey an order to provide or permit discovery, . . . the court in which the action is pending may, after notice and hearing, make . . . an order charging all or any portion of the expenses of discovery or taxable court costs or both against the disobedient party or the attorney advising him[.]" Tex. R. Civ. P. 215.2(b)(2). Here, the trial court ordered Appellants to pay "expenses related to [Appellees'] expenses of discovery, expenses for depositions, and taxable court costs pursuant to Texas Rule of Civil Procedure 215.2(2)." The order does not specifically award attorney's fees. On appeal, Appellants assert there is no evidence of the amount of damages "purportedly sustain[ed]" by any of the Appellees as a result of the alleged sanctionable conduct. However, Gardea and Synergy contend the trial court "had the deposition transcripts, the discovery responses, and heard the argument of counsel" at the sanctions hearing.

Without a reporter's record, we must presume "the omitted portions of the record support the trial court's judgment." *Hizar*, 672 S.W.3d at 788. Generally, a reviewing court cannot reverse a trial court's sanctions order in the absence of a statement of facts from the sanctions hearing. *See Browne v. Las Pintas Ranch, Inc*., 845 S.W.2d 370, 374 (Tex. App.—Houston [1st Dist.] 1992, no writ). Without the record, we "must presume that the evidence before the trial judge was adequate to support the decision." *MSW Corpus Christi Landfill*, 664 S.W.3d at 109. Accordingly, we cannot conclude the trial court abused its discretion by ordering Appellants to pay expenses related to Appellees' discovery expenses, expenses for depositions, and taxable court costs. *See Arlitt v. Weston*, No. 04-98-00035-CV, 1999 WL 1097101, at *14 (Tex. App.—San Antonio Dec. 1, 1999,

6

pet. denied) (holding trial court did not abuse its discretion by assessing monetary discovery sanctions which held a direct relationship to the offensive conduct when there was no reporter's record, and the court must presume that the evidence showed the party abused the discovery process).

### (2) Death penalty sanctions

"A death penalty sanction is one under which 'the offending party essentially loses the case because of the sanction[.]'" *Martinez Jardon v. Pfister*, 593 S.W.3d 810, 826 (Tex. App.—El Paso 2019, no pet.) (quoting *Altesse Healthcare Sols., Inc. v. Wilson*, 540 S.W.3d 570, 572 (Tex. 2018) (per curiam)). Discovery sanctions can be used to adjudicate the merits of a party's claims when a party's hindrance of the discovery process justifies a presumption that its claims lack merit. *See Cire*, 134 S.W.3d at 841 (citing to *TransAmerican*, 811 S.W.2d at 918). Death penalty sanctions are harsh and may be imposed as an initial sanction only in the most egregious and exceptional cases "when they are clearly justified and it is fully apparent that no lesser sanctions would promote compliance with the rules." *GTE Commc'ns Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729–30 (Tex. 1993). Although Rule 215 does not require a trial court to make findings before imposing discovery sanctions, the Texas Supreme Court has recommended that such findings are helpful for appellate review, especially when severe. *TransAmerican*, 811 S.W.2d at 919 n. 9. Nevertheless, the record must include some explanation to justify the granting of death penalty sanctions. *Fletcher*, 874 S.W.2d at 86.

In their joint motion for sanctions, Appellees asserted that during the deposition of Appellant Eldon, Appellees' counsel inquired about evidence of damages and that Appellants failed to disclose the alleged costs or evidence of costs. However, later in the deposition, Appellants sought to enter an exhibit that had never been produced to Appellees before. Appellees

7

alleged the documents were in Appellants' possession since April 2020. Additionally, Appellees contended Appellants did not disclose the calculation of economic damages and that Appellees were not made aware of any economic damages that may be susceptible to calculation. Appellees argued that this showed the damages were not recoverable in a court of law and therefore, they were forced to incur unnecessary and unreasonable attorney's fees. From this, Appellees requested monetary sanctions as well as dismissal with prejudice of Appellants' claims. The trial court granted Appellees' joint motion and dismissed all of Appellants' claims against Appellees with prejudice.

Appellees assert the record supports the trial court's decision to dismiss with prejudice. Specifically, they maintain they filed multiple motions seeking the trial court's intervention "to remedy the incessant discovery violations." In May 2023, Appellees filed separate motions to compel Appellants' depositions alleging that Appellees had "been trying to secure" the deposition since September of 2022 and that they believed the depositions would not occur without a Court order. In May 2023, GC Rentals filed a motion to compel Appellants' responses to interrogatories and requests for production. In August 2023, GC Rentals filed a motion seeking recovery of costs associated with the cancellation fees for interpreters due to Appellants' cancellation of depositions. The trial court issued one order granting GC Rental's motion to compel Appellants' responses to interrogatories. The order did not award attorney's fees related to the filing of the motion to compel or contain language indicating a sanction would be imposed if Appellants failed to comply with the order. *See World Class Cap. Grp., LLC v. Gibson, Dunn & Crutcher LLP*, No. 03-21-00360-CV, 2023 WL 2697881, at *10 (Tex. App.—Austin Mar. 30, 2023, no pet.) (mem. op.) (holding trial court imposed lesser sanctions in an earlier order by ordering compliance and awarding

8

reasonable fees related to the motion to compel and when those sanctions did not result in compliance, the court impose monetary sanctions).

A trial court "need not test the effectiveness of each available lesser sanction by actually imposing the lesser sanction on the party before issuing the death penalty[.]" *Cire*, 134 S.W.3d at 840. However, "the trial court must analyze the available sanctions and offer a reasoned explanation as to the appropriateness of the sanction imposed." *Id.* As previously mentioned, we have no record from the trial court's hearing on the motion for sanctions. However, regarding death penalty sanctions, we may not conclude from a silent record that the trial court considered lesser sanctions. *See In re N.R.C.*, 94 S.W.3d 799, 812 (Tex. App.—Houston [14th Dist.] 2002, pet. denied); *Fletcher*, 874 S.W.2d at 85; *compare Hizar*, 672 S.W.3d at 794 (language in final judgment that trial court struck the pleadings "after considering the severity of lesser sanctions and availability of less stringent sanctions," supported conclusion that trial court considered lesser sanctions before striking pleadings); *Davenport v. Scheble*, 201 S.W.3d 188, 194 (Tex. App.—Dallas 2006, pet. denied) (concluding court considered lesser sanctions because order imposing death penalty discovery sanctions referenced prior order compelling discovery and indicated it was ineffective).

We conclude the record does not support the trial court's assessment of death penalty sanctions against Appellants as no evidence shows the trial court considered and analyzed the availability of less stringent sanctions and whether such sanctions would fully promote compliance. *See Spohn Hosp.*, 104 S.W.3d at 883 (noting record was "silent regarding the consideration and effectiveness of less stringent sanctions"); *Fletcher*, 874 S.W.2d at 85 ("Accordingly, we may not conclude from the silent record here that the district court considered lesser sanctions."); *see also TransAmerican*, 811 S.W.2d at 918 (noting nothing in the record

indicated trial court considered lesser sanctions or that such sanctions would not have been effective and record strongly suggested lesser sanctions should have been utilized and perhaps would have been effective; providing examples of lesser sanctions court could have considered).

Accordingly, we sustain Appellants' sole issue to the extent the trial court imposed a death penalty sanction.[3]

## IV. CONCLUSION

We affirm in part and reverse in part. We reverse the portion of the trial court's order that dismissed Appellants' claims with prejudice. We affirm the remainder of the trial court's order. We remand the case to the trial court for further proceedings consistent with this opinion.


GINA M. PALAFOX, Justice


April 16, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[3] In light of this conclusion, we need not consider Appellants' remaining issues. *See* Tex. R. App. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").